WARREN BROTHERS COMPANY, Respondent, *v.* NEW YORK STATE THRUWAY AUTHORITY, Appellant. (Claim No. 47368.)

Third Department, April 13, 1970.

*Louis J. Lefkowitz, Attorney-General (Richard A. Foster* and *Ruth Kessler Toch* of counsel), for appellant.

*Ainsworth, Sullivan, Tracy & Knauf (William J. Murphy* of counsel), for respondent.

Cooke, J. This is an appeal from a judgment of the Court of Claims, entered August 5, 1969, which awarded claimant $207,131.97, with interest, and the additional sum of $1,551.30 as interest on an amount paid in a severed claim.

On April 7, 1965, respondent and appellant entered into a contract for the performance of repair work on the New York State Thruway. The contract called for excavation of the shoulders to a depth of 15 inches, replacement of the excavated material with new gravel and resurfacing with gravel and tar in both lanes of a 13.64-mile stretch of the Thruway in Madison County. This part of the highway was originally constructed in 1950 by another concern under a contract with the Authority which included the Public Works specifications of 1947. In advertising for bids for this repair project, appellant made no

mention as to whether this portion of the Thruway had been constructed according to specifications.

These 1947 specifications, which claimant's engineer testified he had in mind in preparing claimant's bid, provided that " stone larger than six inches in greatest dimension shall not be placed within the sub-grade foundation " and that gravel used in the construction of shoulder areas should be no larger than four inches. Upon commencement of the excavation, claimant encountered large rocks, ranging in size from 12 to 18 inches, under the inside and outside shoulders, and appellant's engineer admitted the existence of such stones where they should not have been. These oversize rocks caused claimant's trenching machine to clog, allegedly resulting in delay and expense. One year before the instant contract was let, Thruway maintenance forces installed 25,000 feet of drain beneath the shoulder of the road in the contract area and ran into boulders not permitted under the 1947 specifications.

In a construction contract between the State and an individual, which contains representations as to existing conditions affecting work thereunder as well as an exculpatory clause relieving the State of liability and requiring personal inspection of the contract site, liability, nevertheless, may attach to the State if said conditions are not as represented and (1) inspection would have been unavailing to reveal the incorrectness of the representations (*Foundation Co.* v. *State of New York,* 233 N. Y. 177, 184–185; *Faber* v. *City of New York,* 222 N. Y. 255, 260), or (2) the representations were made in bad faith (*Young Fehlhaber Pile Co.* v. *State of New York,* 265 App. Div. 61; *Jackson* v. *State of New York,* 210 App. Div. 115, affd. 241 N. Y. 563). Here, an inspection of the shoulders would have revealed their true condition and there were no representations that the stones to be encountered were not larger than four or six inches, respectively, in size. While silence may constitute fraud where one of two parties to a contract has notice that the other is acting upon a mistaken belief as to a material fact (*Bank* v. *Board of Educ. of City of N. Y.,* 305 N. Y. 119, 133–134; *Donovan* v. *Aeolian Co.,* 270 N. Y. 267, 271), there was no proof of such notice here. Indeed, a Thruway engineer testified that, about two weeks prior to the contract letting, he took claimant's branch manager over the job site, informed him of encountering big boulders the previous summer while installing the underdrain and pointed out material that had been removed. The branch manager then related that he did not recall having any conversations with Thruway representatives or visiting the site with them before the letting.

The severed judgment provided that the question of interest on the amount thereof was to be reserved until such time as the remaining portions of the claim were decided. In view of said stipulation and the fact that claimant did not establish a right to additional moneys, over and beyond the severed judgment figure, it is not entitled to interest on said amount (*Yonkers Contr. Co. v. New York State Thruway Auth.*, 25 N Y 2d 1, 5; *Terry Contr. v. State of New York*, 23 N Y 2d 167, 172; *Higgins & Sons v. State of New York*, 20 N Y 2d 425, 429).

The judgment should be reversed, on the law and the facts, and the claim dismissed, without costs.

HERLIHY, P. J. (concurring). The claim must be dismissed because of the failure of the claimant to establish that it had any right to assume that there would be no rock in the area of its excavation in excess of six inches in size. The claimant introduced testimony to the effect that it had relied upon general Public Works specifications of 1947 in assuming that it would not encounter rocks ranging in size in excess of six inches and, therefore, it bid the job upon the assumption that it could utilize an excavating machine which would handle rock six inches or smaller in size. However, it does not appear that these specifications would necessarily have been followed in the original construction of the Thruway and it appears that the claimant made no investigation to determine whether or not the general specifications had in fact been imposed and followed throughout the area in which the claimant was to excavate. The record establishes that an inspection of the highway shoulders would have revealed their true condition had not such inspection of the proposed work site been confined to driving along the area in an automobile. The claimant having failed to demonstate an actual misrepresentation by the State as to the boulders which might be in the shoulder and having failed to demonstrate that it was entitled to rely upon the 1947 specifications, the claim must be dismissed.

It should be observed that a great portion of the delay in completing this contract could be attributed to the failure of the claimant to commence work until May 21, 1965, and to adverse weather conditions at various times during the project. Furthermore, the damage alleged by the claimant is necessarily dependent upon the amount of rocks encountered which were over six inches in size and the claimant failed to keep any record as to such rocks and did not even offer an estimate of the quantity of such rocks. Its estimate of damages as attributed by the trial court is to a large extent conjectural and based upon assump-

tions not having support in the present record (cf. *Peckham Road Co.* v. *State of New York*, 32 A D 2d 139, 143).

In sum, when considered in its entirety, the record does not support the findings of the Court of Claims.

HERLIHY, P. J., REYNOLDS, STALEY, JR., and SWEENEY, JJ., concur with COOKE, J.; HERLIHY, P. J., in a separate opinion in which REYNOLDS, STALEY, JR., COOKE and SWEENEY, JJ., concur.

Judgment reversed, on the law and the facts, and claim dismissed without costs.