■ DELMA ENGINEERING CORPORATION, Respondent, v. 6465 REALTY CO. et al., Appellants.— Judgment, Supreme Court, New York County, entered on July 15, 1971, in favor of plaintiff, after nonjury trial, reversed, on the law and the facts, and vacated, and the clerk is directed to enter judgment in favor of defendants dismissing the complaint, with costs. Appellants shall recover of respondent $50 costs and disbursements of this appeal. Defendants-appellants engaged plaintiff-respondent to do the excavation and foundation work in connection with construction of an apartment building. Apparently the job was started without the survey which the specifications of the contract required plaintiff to make, for public utility structures were unexpectedly discovered within the excavation lines, resulting in delay and in necessary replanning and relocating. The contract placed complete responsibility upon plaintiff in respect of protection to be afforded all such installations. Work was stopped at this juncture and the parties conferred and eventually entered into a further agreement, setting value lines for the necessary additional work but specifically providing that "liability for payment therefor would be thereafter determined." Despite this clear language, Trial Term has agreed with plaintiff's contention that the work necessitated by plaintiff's improvidence in failing properly to survey and inspect should be paid for as extras, and that the "settlement agreement" is the basis for such a holding. We do not agree. Plaintiff entered into this agreement with open eyes. It bound itself to perform a particular and carefully delineated job at an agreed price and to be completely responsible for completion. That it could not do so was its own fault, and defendants cannot be accountable for plaintiff's failure to take proper precautions. "Liability for payment therefor" is now determined to be upon plaintiff. This being a nonjury trial, it becomes our duty to grant that relief which Trial Term should have afforded (see CPLR 5522; *Society of N. Y. Hosp.* v. *Burstein*, 22 A D 2d 768), and defendants should have judgment dismissing the complaint. Concur — Markewich, J. P., McNally, Eager and Capozzoli, JJ.; Murphy, J., dissents and would affirm on the opinion of Justice Massi at Trial Term.