*1066
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified by reinstating the judgment of the Court of Claims, except as to the award on the ninth cause of action, which should be reduced to $10,299.34. As so modified, the order should be affirmed, with costs to claimant.
 

 The Court of Claims correctly concluded that as to the subsoil conditions the State made no misrepresentation and claimant assumed the risk of the “high incidence of boulders” of which the specification warned. Recovery of the consequential damages sought in the second through fifth causes of action was properly denied (see
 
 Foundation Co. v State of New York,
 
 233 NY 177, 184-185;
 
 Public Constructors v State of New York,
 
 55 AD2d 368). That direct costs were allowed is not inconsistent, for by agreeing to the redesign requested by claimant the State in effect agreed to the additional direct costs. It did not agree to pay damages for the delay and since it made no misrepresentation incurred no liability for such damages.
 

 The courts below have, however, improperly permitted recovery on the ninth cause of action of damages for increased costs associated with the installation of a sewer on Rust Street. They found that the State misrepresented the subsoil conditions in that area and failed to supply adequate plans indicating the presence of various utility lines. With respect to the claimed misrepresentation, the State had made no test borings on Rust Street and did not possess any detailed special knowledge of the subsoil conditions there. The contract documents instructed bidders to make their own inspection of the site and expressly precluded reliance upon any representations as to the physical condition of the worksite. Accordingly, there is as a matter of law no basis in this record for the finding of misrepresentation as to the subsoil conditions on Rust Street, and any additional costs stemming from the nested boulders must be borne by the claimant (see
 
 Foundation Co. v State of New York, supra,
 
 at pp 184-185). To the extent that damages under the ninth cause of action were premised on faulty plans which failed to disclose utility lines on Rust Street, the contract expressly
 
 *1067
 
 provided that “the contractor is cautioned that these locations (gas, electrical lines, etc.) are not guaranteed nor is there any guarantee that all such lines in existence, within the contract limits, have been shown on the plans.” Claimant assumed the risk that the sewer to be built might run afoul of existing utility lines, or be inconveniently proximate to them. Thus, recovery on the ninth cause of action should be barred except to the extent that the State concedes liability for $10,299.34 for the specific delay in approval of a redesign plan caused by its consultants.
 

 The challenges by the State to awards by the Court of Claims on the other causes of action must be rejected because the affirmed findings of fact with respect to them have support in the record.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order modified, with costs to claimant, in accordance with the memorandum herein and, as so modified, affirmed.