■ OWNERS REALTY MANAGEMENT CONSTRUCTION CORP., Respondent, v BOARD OF EDUCATION OF WEST ISLIP UNION FREE SCHOOL DISTRICT, Appellant.—In an action, *inter alia,* to recover payment for alleged "extra and additional work" performed outside the scope of the parties' construction contract, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Hand, J.), entered on January 20, 1989, as denied its motion for summary judgment dismissing the second cause of action alleged in the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

At the request of defendant's architect and assistant supervisors, the plaintiff, under protest, removed asbestos in the defendant's schools from areas that the plaintiff claims were outside the scope of the parties' contract. Accepting all of the plaintiff's allegations as true, summary judgment was properly denied because there are triable issues of fact as to whether the work ordered by the defendant's representatives constituted such an extraordinary demand that there ". 'could be no reasonable doubt that [the demand] exceeded the obligations of the contract and that a refusal to comply with it would not work a breach of contract' " *(Kalisch-Jarcho, Inc. v City of New York,* 72 NY2d 727, 736, quoting *Borough Constr. Co v City of New York,* 200 NY 149, 158). Under these circumstances, it cannot be concluded that the asbestos removal performed by the plaintiff at the defendant's representatives' directions was "so preposterous, so manifestly beyond the limits of the agreement, as to suggest a threat to the public interest" *(Kalisch-Jarcho, Inc. v City of New York, supra,* at 736).

Contrary to the defendant's arguments, the public policy concerns set forth in *Borough Constr. Co. v City of New York* (200 NY 149, 156, *supra),* which preclude recovery in situations where the contractor has colluded with municipal representatives to saddle a municipality with unforeseen liabilities, do not apply here. The record is bare of any allegation or

proof of collusion, fraud, or wrongdoing committed by the plaintiff.

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Kunzeman and Harwood, JJ., concur.