■ BILOTTA CONSTRUCTION CORP., Appellant, v VILLAGE OF MAMARONECK et al., Respondents. [604 NYS2d 966] —In an action to recover damages for breach of contract, negligence, and fraud, the plaintiff appeals from an order of the Supreme Court, Westchester County (Wood, J.), entered August 9, 1991, which granted the defendants' respective motions for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff brought the instant action against the defendant Village of Mamaroneck and the firm of defendant Blasland & Bouck Engineers (hereinafter the Engineers), which were hired by the Village to prepare bid documents for improvements to the public storm sewer system, claiming that the bid documents inaccurately described certain elevations which led the plaintiff to underestimate its bid. Based on the alleged inaccuracies, the plaintiff contends that the Village is obligated to pay for the unanticipated work under the contract and that the Engineers are liable for the cost of the work due to their negligence in preparing the bid documents. The plaintiff further claims that both defendants are liable for the cost of this work, as a result of fraudulent misrepresentations concerning the nature and scope of the work to be performed. The Supreme Court dismissed the complaint, and we affirm.

"The ultimate guide in determining whether or not the contractor is to be paid for extra work is the contract itself * * * [I]f the parties intended the contractor to rely upon its own investigation, no recovery for extra work may be had, absent a showing of fraud or misrepresentation as to existing conditions" (Savin Bros. v State of New York, 62 AD2d 511, 515, affd 47 NY2d 934; see also, Warren Bros. Co. v New York State Thruway Auth., 34 AD2d 97, 99, affd 34 NY2d 770).

Here, the contract documents contain numerous clauses relieving the defendants of liability and requiring personal inspection of the contract site by the plaintiff. In particular, the contract states that "[t]he Contractor agrees that he shall neither have nor assert against the Owner or Engineer any claim for damages for extra work or otherwise or for relief from any obligation of this Contract based upon the failure by the Owner or Engineer to obtain or to furnish additional subsurface information or to furnish all subsurface information in the Owner's or Engineer's possession or based upon any inadequacy or inaccuracy of the information furnished". In addition, the contract documents state that "[a]t the time of the opening of Bids, each Bidder will be presumed to have inspected the site of the proposed work" and that "the Contractor shall * * * make all detail surveys needed for construction". The contract documents further state that the data concerning elevations is to be regarded as approximate, with no guarantee of accuracy. Thus, the contract documents made it clear that the existing grade elevations were approximations, that these approximations were not to be relied on by the plaintiff, and that the plaintiff was obligated to conduct its

own investigation prior to entering into the contract. The plaintiff has not produced any evidence to establish that the elevation data supplied by the Engineers were not reasonably correct *approximations*. As such, the plaintiff has failed to establish a basis for recovery under the contract or that the Engineers acted negligently *(see, Twin Vil. Constr. Corp. v State of New York,* 53 NY2d 724). Having failed to establish that the Engineers misrepresented the elevation data they supplied to the plaintiff, or that the plaintiff justifiably relied on the data, and having declined to avail itself of the opportunity to learn precisely what the conditions were prior to entering into the contract with the Village, the plaintiff should not now be permitted to charge the defendants with liability on the ground of fraud *(see, Leitch Mfg. Co. v State of New York,* 257 App Div 541, *affd* 282 NY 758; *see also, Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461, 467). Sullivan, J. P., O'Brien, Ritter and Joy, JJ., concur.