■ BELTRONE CONSTRUCTION COMPANY, INC., Appellant, v STATE OF NEW YORK, Respondent. [682 NYS2d 299] —Graffeo, J. Appeal from a judgment of the Court of Claims (King, J.), entered September 24, 1997, upon a decision of the court in favor of the State.

Claimant entered into a contract with the State as one of four prime construction contractors for the construction of a minimum security correctional facility in the Town of Coxsackie, Greene County. F.J. Zeronda, Inc. (hereinafter Zeronda) was retained by claimant as a subcontractor to perform underground piping, placement of topsoil, seeding and the preparation of roadways for paving. The other prime contractors, M. Kramer and Sons (hereinafter Kramer), J.N. Futia Co., Inc. (hereinafter Futia) and E.W. Tompkins Company, Inc. (hereinafter Tompkins), entered into separate contracts with the State for the project.

Claimant's contract with the State provided for physical completion by September 28, 1984 and substantial completion by September 1, 1984. Zeronda's contract with claimant also specified substantial completion by September 1, 1984.

However, before Zeronda could engage in and finish its portion of the project, Kramer and Futia had to complete certain underground work which was originally scheduled to be completed by April 15, 1984. After several extensions, Kramer and Futia finished in November 1984 and Zeronda also concluded its work the same month. This action was commenced by claimant on behalf of Zeronda, seeking damages for its increased costs as a result of the State's failure to ensure that Kramer and Futia proceeded without unreasonable delay. There was also a second claim against the State for $38,259.52, representing Zeronda's costs for an additional three inches of crushed stone which Zeronda asserts was not included in the contract. At the conclusion of trial, the Court of Claims dismissed both claims and this appeal ensued.

The contract between claimant and the State recited that due to the award of more than one prime contract for the project, inherent delays were contemplated and the State could not "guarantee the unimpeded operations of any contractor". Furthermore, under the terms of the agreement, the State could not be held liable for ordinary delays or extraordinary delays "which occur by reason of any contractor's failure to comply with directions of the State or because of the neglect, failure or inability of any contractor to perform his work efficiently". However, the State was obligated to issue such directions as the situation may require after being notified of problems in writing. The State was generally also responsible for giving appropriate instructions and taking other measures to coordinate the progress of the work but was not liable for errors in judgment as to the best course of action. It is also undisputed that pursuant to the general conditions of the contract, Zeronda, as a subcontractor, was bound by the same contract provisions as claimant.

Claimant contends that Kramer's and Futia's delay in completing the underground work at the site was extraordinary and that the State failed to coordinate the work and failed to require adherence to the construction schedule as required under the contract. We disagree. Throughout the entire period of the delay, representatives of the State were in constant contact with claimant, Zeronda, Kramer and Futia with respect to problems experienced by all parties, and the resulting delays were, in fact, acknowledged by claimant. Claimant forwarded letters to the State dated February 17, 1984 and March 5, 1984 with respect to Kramer's and Futia's delays. On March 13, 1984 the State responded by directing Kramer to immediately begin the installation of underground piping

utilizing double manpower to enable it to meet the target date of April 15, 1984. Additionally, on April 3, 1984 the State wrote to Futia and Kramer, stating that the "failure to comply with these contract requirements could result in our recommendation for termination or assessment of liquidated damages upon completion of the project" and directing them to make every effort to maintain scheduled progress in coordination with the other contractors.

On April 6, 1984 and April 9, 1984, claimant again notified the State that the work by Kramer and Futia was not proceeding as planned. The State reacted by directing Kramer and Futia to complete construction with the use of additional manpower and extra shifts. On June 21, 1984, the State undertook additional efforts to expedite the construction process and warned Kramer and Futia that "unless there is significant improvement in completion of the on-site underground utilities there will be no further payments made by the State". On June 28, 1984, Futia and Kramer committed to complete the underground piping by July 6, 1984. Although this work was not completed by July 12, 1984, the State noted considerable progress and Kramer indicated that it would have been completed but for rainy weather. On July 19, 1984, the State urged a coordinated effort by Kramer and the other contractors and, as a result, the work was substantially completed by September 1984. It should also be noted that based on the final approved project schedule, Kramer, Futia and claimant received early completion bonuses.

A review of the record indicates that the Court of Claims properly found that claimant failed to establish that the State did not make significant and meaningful efforts to progress the work of Kramer and Futia (*see, Norelli & Oliver Constr. Co. v State of New York*, 30 AD2d 992, *affd* 32 NY2d 809). Throughout the approximately seven months at issue, the State was in constant contact with Kramer and Futia and continually urged and directed them to complete their work in a timely fashion. We, therefore, conclude that the State made significant and meaningful efforts to progress the work. The fact that the State did not institute the most drastic sanction (i.e., termination) is not tantamount to failing to engage in significant and meaningful efforts, especially since termination would most likely have occasioned additional delays at a juncture relatively close to project completion.

Claimant's contention that the State is liable for the cost of additional subbase has its genesis in the discrepancy between the State's contract with claimant, which required 12 inches of

crushed stone, and its contract with Kilby Construction Company, which referenced nine inches. Where an inspection would have revealed the true conditions, a contractor is deemed to have knowledge of facts which it would have discovered had it made a reasonable inspection (*see, Warren Bros. Co. v New York State Thruway Auth.*, 34 AD2d 97, *affd* 34 NY2d 770). Although Kilby only placed nine inches of subbase, the record indicates that Zeronda did not inspect or measure the actual amount of subbase on the roadways. An inspection would have revealed the quantity of stone in place before claimant accepted the site from the Office of General Services. Moreover, when Zeronda commenced its work, it did not notify the State of this subbase deficiency. There is no allegation that the discrepancy between claimant's and Kilby's contracts with the State was made in bad faith (*see, Public Constrs. v State of New York*, 55 AD2d 368), nor is it contested whether an inspection would have revealed the actual condition. Hence, we concur with the Court of Claims' dismissal of this claim (*see, Savin Bros. v State of New York*, 62 AD2d 511, *affd* 47 NY2d 934). In any event, Zeronda's claim for the cost of an additional three inches of crushed stone was submitted for alternate dispute resolution pursuant to the contract between claimant and the State. Since claimant has failed to demonstrate that the denial of this claim was fraudulent or not supported by substantial evidence as required by the contract (*see,* CPLR 7511 [b]; *Matter of Diaz v Pilgrim State Psychiatric Ctr.*, 62 NY2d 693), we find no reason to disturb the Court of Claims' judgment dismissing the claim.

Crew III, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.