■ In the Matter of WEEKS MARINE INC., Appellant, v CITY OF NEW YORK, Respondent. [737 NYS2d 92] —Judgment, Supreme Court, New York County (Robert Lippmann, J.), entered June 7, 2001, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul the determination of respondent New York City Contract Dispute Resolution Board (CDRB) denying petitioner contractor's claim for additional compensation for increased costs, unanimously affirmed, without costs.

Petitioner has not demonstrated that CDRB's determination or the underlying agency determination was affected by fraud, bad faith or palpable error, the standard of review specified in the subject contract (*see, Cipico Constr. v City of New York*,

279 AD2d 416). Nor has petitioner demonstrated that CDRB or the agency acted erroneously, arbitrarily, capriciously, or in violation of lawful procedure (*see,* CPLR 7803 [3]; *Matter of Arrocha v Board of Educ.,* 93 NY2d 361, 363).

The CDRB's finding that petitioner was responsible for the City's inability to fulfill its contractual obligation to modify its United States Army Corps of Engineers (COE) dredging and disposal permit, which led petitioner to substitute, at a higher cost, a Virginia disposal facility for the Pennsylvania disposal facility designated in its bid, was not arbitrary and capricious. Petitioner was contractually obligated to provide a lawful and permitted disposal facility and the record demonstrates that the COE would not modify the City's permit because the Pennsylvania Department of Environmental Resources would not allow the Pennsylvania facility to accept the New York materials without an amended permit, which petitioner did not obtain. This prevented the City from fulfilling its contractual obligation (*see, Vandegrift v Cowles Eng'g Co.,* 161 NY 435, 443).

Nor was the challenged determination the product of unlawful procedures because the Agency Head and/or Comptroller considered ex parte written and/or oral communications from the City. Due process is flexible and calls for such procedural protections as the particular situation demands (*see, Mathews v Eldridge,* 424 US 319, 333-335). Here, petitioner received all of the process provided for in the Procurement Policy Board rules and contract. Under 9 RCNY 4-09 (d) (1) (formerly 9 RCNY 5-11 [d] [1]), petitioner had the right to demand relevant documents which were not produced, but did not do so at the Agency Head review level. Under the contract and 9 RCNY § 4-09 (d) (2) (formerly 9 RCNY 5-11 [d] [2]), the Agency Head had authority to make inquiries of Department of Sanitation personnel to assist her in the investigation. In any event, petitioner was provided with the relevant documents at the CDRB stage and did not show prejudice from the belated disclosure. In addition, petitioner had a viable postdeprivation remedy in the form of an article 78 proceeding. The foregoing provided petitioner with all the process it was due (*see, Westinghouse Elec. Corp. v New York City Tr. Auth.,* 82 NY2d 47; *Skanska Tunneling v City of New York,* 247 AD2d 344, *appeal dismissed* 92 NY2d 844).

Nor was the CDRB determination affected by an error of law, based on the CDRB's failure to construe the letter drafted by the City to modify the parties' contract so as to increase the contract price. The subject contract provided that changes may

be made only as authorized by the City and that vendors deviating from the contract without a duly approved change order or written modification did so at their own risk. Here, the letter did not state there would be a price modification, but merely indicated that the contract would be modified in some unspecified way in the future. This was insufficient to modify the contract, much less to effect the modification sought by petitioner (*see*, *Delma Eng'g Corp. v 6465 Realty Co.*, 39 AD2d 846, *affd* 31 NY2d 816; *United States ex rel. Excavation Concrete & Masonry Corp. v A.C.S. Sys. Assoc., Inc.*, 2001 US Dist LEXIS 5213 [SD NY, Apr. 6, 2001]).

We have considered petitioner's other arguments and find them unavailing. Concur—Sullivan, J.P., Rosenberger, Rubin, Friedman and Marlow, JJ.