■ KENAIDAN CONSTRUCTION CORP., Appellant, et al., Plaintiff, v COUNTY OF ERIE, on its own Behalf and on Behalf of ERIE COUNTY SEWER DISTRICT No. 1, Respondent. [772 NYS2d 153]—

Appeal from an order and judgment (one document) of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered January 29, 2003. The order and judgment granted defendant's motion for partial summary judgment dismissing the seventh cause of action of the amended complaint of plaintiff Kenaidan Construction Corp.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Kenaidan Construction Corp. (plaintiff), the prime contractor on a construction project in defendant, County of Erie, commenced this action to recover additional compensation for unanticipated costs incurred by plaintiff's subcontractor in drilling caissons for the foundation. By the seventh cause of action in the amended complaint, plaintiff seeks to recover additional costs allegedly incurred because the subsurface conditions the subcontractor encountered at the project site differed substantially from those represented by defendant in engineering reports provided to bidders on the project. Supreme Court properly granted defendant's motion for partial summary judgment dismissing that cause of action. By entering into the contract, plaintiff acknowledged that it had satisfied itself with respect to the nature of the subsurface conditions, and agreed to "assume[ ] all risk contingent upon the nature of the subsurface conditions to be actually encountered," including the risk that plaintiff may perform more work than it originally anticipated. The contract further provides that subsurface data made available by defendant is intended only to supplement plaintiff's investigation, and plaintiff acknowledged that it was not to rely upon that data as accurately describing the subsurface conditions. Thus, plaintiff may not recover additional compensation for allegedly unanticipated costs related to the subsurface conditions (*see Gene Hock Excavating v Town of Hamburg*, 227 AD2d 911 [1996]), particularly in view of the admitted failure of plaintiff and its subcontractor to investigate those conditions (*see Costanza Constr. Corp. v City of Rochester*, 147 AD2d 929 [1989], *appeal dismissed* 74 NY2d 714 [1989], 83 NY2d 950 [1994]). Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.