■ ALL COUNTY PAVING CORP., Doing Business as COLLINS CONSTRUCTION Co., Appellant, v SUFFOLK COUNTY WATER AUTHORITY, Respondent. [798 NYS2d 523]—

In an action to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Lifson, J.), entered January 9, 2004, which, upon an order of the same court dated September 29, 2003, granting the defendant's motion for summary judgment dismissing the complaint and for summary judgment in its favor on its counterclaim, dismissed the complaint and is in favor of the defendant and against it on the counterclaim in the principal sum of $30,000.

Ordered that the judgment is affirmed, with costs.

The plaintiff entered into a contract with the defendant public authority for the installation of a water main. During its performance of the contract, the plaintiff encountered unforeseen subterranean obstacles, which damaged its equipment, interrupted and delayed the project, and required additional labor and material.

The defendant established its prima facie entitlement to summary judgment by producing the documents it supplied to prospective bidders on the contract, which provided that each bidder was responsible for inspecting the soil at the construction site and that no extra compensation would be paid pursuant to the contract. In opposition to the defendant's showing, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the results of test borings previously performed for the defendant more than one mile from the construction site, furnished by the defendant as part of the contract specifications, did not constitute a representation as to the condition of the soil at the construction site. Indeed, the specifications stated that there was "no guarantee that unknown, adverse, conditions [did] not exist underground in the vicinity of the drill site." Thus, under the terms of the parties' contract, the plaintiff bore the risk of encountering unexpected subsurface soil conditions, and since the defendant made no misrepresentations and withheld no information, the plaintiff was not entitled to extra compensation (see *Conduit & Found. Corp. v State of New York*, 52 NY2d 1064 [1981]; *Kenaidan Constr. Corp. v County of Erie*, 4 AD3d 756 [2004]; *D.A. Elia Constr. Corp. v New York State Thruway Auth.*, 289 AD2d 665

[2001]; *Bilotta Constr. Corp. v Village of Mamaroneck*, 199 AD2d 230 [1993]; *Savin Bros. v State of New York*, 62 AD2d 511 [1978], *affd* 47 NY2d 934 [1979]; *cf. Public Constructors v State of New York*, 55 AD2d 368 [1977]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Schmidt, Adams and Mastro, JJ., concur.