■ METRO GROUP CONSTRUCTION CORP., Respondent-Appellant, v TOWN OF HEMPSTEAD, Appellant-Respondent, et al., Defendants. [808 NYS2d 393]—

In an action, inter alia, to recover damages for breach of contract, the defendant Town of Hempstead appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Austin, J.), dated April 7, 2003, as, upon a decision of the same court dated December 19, 2002, made after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $37,360, and the plaintiff cross-appeals, on the ground of inadequacy, from so much of the same judgment as, upon determining that it was not entitled to damages incurred in connection with the widening of an entrance road to a housing project, is in favor of it and against the defendant Town of Hempstead in the principal sum of only $37,360.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff developer and the defendant Town of Hempstead entered into an agreement whereby the plaintiff agreed to purchase vacant property from the Town and develop it into affordable housing. Following the completion of the project, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. Following a nonjury trial, the Supreme Court, among other things, awarded the plaintiff damages for extra work performed on the project but declined to award damages incurred in connection with the widening of the entrance road to the project. The Town appeals and the plaintiff cross-appeals. We affirm.

Contrary to the Town's contentions, the plaintiff's causes of action survived the closing of title. Paragraph 26 (i) of the agreement specifically provided that the construction provisions of the agreement "shall survive closing of title" (see Goldsmith v Knapp, 223 AD2d 671 [1996]; Davis v Weg, 104 AD2d 617 [1984]). Further, the parties' undertakings with respect to the development of the property were collateral to the conveyance and, therefore, did not merge with the deeds (see Ting-Wan Liang v Malawista, 70 AD2d 415, 418 [1979]; accord Staff v Lido Dunes, Inc., 47 Misc 2d 322 [1965]). In addition, the Supreme Court correctly awarded the plaintiff damages reflecting the additional cost of installing steel flitch plates, dryer connections, and wider driveways. There is adequate documentation in the record establishing that each of these additional elements was requested in good faith by a municipal representative, was not palpably or manifestly beyond the scope of the contract, and was not so preposterous as to suggest collusion,

634

bad faith, or similar circumstances demanding protection of the public fisc (*see Kalisch-Jarcho, Inc. v City of New York*, 72 NY2d 727, 735 [1988]; *Borough Constr. Co. v City of New York*, 200 NY 149 [1910]; *Owners Realty Mgt. Constr. Corp. v Board of Educ. of W. Islip Union Free School Dist.*, 160 AD2d 921 [1990]).

Contrary to the plaintiff's contentions, the Supreme Court correctly declined to award damages incurred in connection with the widening of the entrance road to the project. Not only did the parties' agreement provide that the plaintiff was to rely on its own investigation of the work site conditions, but also, the plaintiff admittedly was aware of the inadequate width of the entrance road when it entered into the agreement (*see Albert Saggese, Inc. v Town of Hempstead*, 100 AD2d 885 [1984], *mod on other grounds* 64 NY2d 908 [1985]; *Savin Bros. v State of New York*, 62 AD2d 511 [1978], *affd* 47 NY2d 934 [1979]; *Warren Bros. Co. v New York State Thruway Auth.*, 34 AD2d 97 [1970], *affd* 34 NY2d 770 [1974]). Indeed, preliminary subdivision approval was initially denied on such grounds. Consequently, the Town cannot be held liable for the plaintiff's failure to have adequately gauged the costs of performance (*see Albert Saggese, Inc. v Town of Hempstead, supra; Delha Eng'g Corp. v 6465 Realty Co.*, 39 AD2d 846 [1972], *affd* 31 NY2d 816 [1972]).

The parties' remaining contentions are either not properly before this Court or are without merit. S. Miller, J.P., Ritter, Mastro and Fisher, JJ., concur.