■ Rapid Demolition Company, Inc., Respondent-Appellant, v State of New York, Appellant-Respondent. [864 NYS2d 503]—

Motion by the respondent-appellant for leave to reargue an appeal and cross appeal from a judgment of the Court of Claims (Lack, J.), dated August 18, 2006, which was determined by decision and order of this Court dated March 25, 2008, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to reargue is granted; and it is further,

Ordered that the motion is otherwise denied; and it is further,

Ordered that upon reargument, the decision and order of this Court dated March 25, 2008 (*see Rapid Demolition Co., Inc. v State of New York,* 49 AD3d 844 [2008]), is recalled and vacated, and the following decision and order is substituted therefor:

In a claim to recover damages for breach of contract, the defendant appeals from so much of a judgment of the Court of Claims (Lack, J.), dated August 18, 2006, as, upon a decision of the same court dated July 24, 2006, made after a nonjury trial, is in favor of the claimant and against it in the principal sum of $772,248.75, and the claimant cross-appeals, on the ground of inadequacy, from the same judgment.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, and the claim is dismissed; and it is further,

Ordered that the cross appeal is dismissed as academic in light of the determination of the appeal; and it is further,

Ordered that one bill of costs is awarded to the appellant-respondent.

After contracting with the defendant to demolish a bridge, the claimant brought this claim to recover damages for breach of contract. The claimant sought to recover additional costs allegedly incurred because the thickness of the concrete deck overlay on the subject bridge differed substantially from that represented by the defendant in the plans provided to bidders on the project. In a construction contract between the State of New York and an individual, "[t]he ultimate guide in determining whether or not the contractor is to be paid for extra work is the contract itself" (*Savin Bros. v State of New York*, 62 AD2d 511, 515 [1978], *affd* 47 NY2d 934 [1979]). "[I]f the parties intended the contractor to rely upon its own investigation, no recovery for extra work may be had, absent a showing of fraud or misrepresentation as to existing conditions" (*id.*; *see Bilotta Constr. Corp. v Village of Mamaroneck*, 199 AD2d 230, 231 [1993]).

Here, the contract documents contain numerous clauses relieving the defendant of liability and requiring personal inspection of the contract site by the claimant. The contract states that "[t]he Contractor agrees that . . . his information was secured by personal investigation and research and not from the estimates or records of the Department [of Transportation], and that he will make no claim against the State by reason of estimates, tests, or representations of any officer or agent of the State, except as provided for in this Specification." In addition, the contract states that "[t]he Contractor agrees that before making his proposal he carefully examined the contract documents, together with the site of the proposed work, as well as its surrounding territory, and is fully informed regarding all of the conditions affecting the work to be done and labor and materials to be furnished for the completion of this contract." The contract also states that it was not prepared based upon actual field conditions, and that the dimensions shown on the plans may vary from the actual field dimensions.

Despite its contractual obligations to the contrary, the claimant admittedly failed to investigate the thickness of the concrete deck overlay prior to entering into the contract. There was testimony at the trial that even a visual inspection of the

concrete overlay would have revealed its true thickness (*see Warren Bros. Co. v New York State Thruway Auth.*, 34 AD2d 97, 99 [1970], *affd* 34 NY2d 770 [1974]). Accordingly, the claimant may not recover additional compensation for allegedly unanticipated costs related to the thickness of the concrete deck overlay (*see All County Paving Corp. v Suffolk County Water Auth.*, 20 AD3d 438 [2005]; *Kenaidan Constr. Corp. v County of Erie*, 4 AD3d 756, 757 [2004]; *D.A. Elia Constr. Corp. v New York State Thruway Auth.*, 289 AD2d 665, 666 [2001]; *Gene Hock Excavating v Town of Hamburg*, 227 AD2d 911 [1996]; *Bilotta Constr. Corp. v Village of Mamaroneck*, 199 AD2d at 232).

The claimant's remaining contentions are without merit. Rivera, J.P., Ritter, Carni and Leventhal, JJ., concur.