■ In the Matter of L&L PAINTING Co., INC., Appellant, v CITY OF NEW YORK et al., Respondent. [893 NYS2d 54]—

The CDRB correctly found that under the contract it is petitioner's absolute obligation to protect its work against, inter alia, fire damage and to replace or repair the work in the event of such damage. Therefore, its determination that the work performed by petitioner in the aftermath of the fire was not extra work under the contract for which petitioner was entitled to be compensated was rationally based, was not arbitrary and

capricious, and was not affected by an error of law (*see Matter of Weeks Mar. v City of New York*, 291 AD2d 277 [2002], *lv denied* 99 NY2d 505 [2003]).

Petitioner's contractual obligation is not affected by the issue of causation, which in any event was not within the jurisdiction of the CDRB and was not decided by the CDRB. Nor is there is evidence that the City frustrated petitioner's performance of the contract.

Petitioner's argument that General Obligations Law § 5-322.1 renders the above-cited "absolute obligation" clause unenforceable is without merit. Concur—Tom, J.P., Saxe, Nardelli, Renwick and Freedman, JJ.