■ Mid-State Industries, Ltd., Appellant, v State of New York, Respondent. [986 NYS2d 637]—

McCarthy, J. Appeal from an order of the Court of Claims (Collins, J.), entered October 29, 2012, which, among other things, granted defendant's motion for summary judgment dismissing the claim.

Claimant submitted a bid to the State University of New York (hereinafter SUNY) for a project to replace the roof of a library located on the campus of SUNY Plattsburgh. Claimant's bid was based upon, among other things, an architectural drawing of the roof that was provided to prospective bidders with the project manual, and an addendum to that drawing noting that the scale should be one sixteenth rather than one eighth. SUNY accepted claimant's bid and entered into a contract with claimant for the roof replacement. After claimant completed a significant amount of work on the project, claimant noticed that it was short on materials. Claimant then measured the remaining part of the roof and determined that the scale on the drawing that was corrected in the addendum was still erroneous. Based on that error, claimant realized that it had underestimated the materials and labor by about one third.

Claimant notified SUNY and SUNY's architect of this problem, completed the project and submitted requests for payment for the "extra work" it had to perform. When SUNY refused to pay any extra, claimant commenced this breach of contract action.[1] Following joinder of issue and disclosure, defendant moved for summary judgment dismissing the claim and

---

1. Although claimant named SUNY Plattsburgh and the SUNY Board of Trustees as defendants, the Court of Claims implicitly amended the caption to

claimant cross-moved for partial summary judgment on the issue of liability. The Court of Claims granted defendant's motion, denied the cross motion and dismissed the claim. Claimant appeals.

The Court of Claims properly granted defendant's motion for summary judgment dismissing the claim. The primary guide in determining whether a contractor is entitled to receive additional compensation for extra work is the contract itself (*see Rapid Demolition Co., Inc. v State of New York*, 54 AD3d 921, 922 [2008], *lv denied* 11 NY3d 714 [2009]; *Thomas Crimmins Contr. Co. v City of New York*, 138 AD2d 138, 149 [1988], *affd* 74 NY2d 166 [1989]). If the contract reveals that " 'the parties intended the contractor to rely upon its own investigation, no recovery for extra work may be had, absent a showing of fraud or misrepresentation as to existing conditions' " (*Rapid Demolition Co., Inc. v State of New York*, 54 AD3d at 922, quoting *Savin Bros. v State of New York*, 62 AD2d 511, 515 [1978], *affd for reasons stated below* 47 NY2d 934 [1979]; *see Metro Group Constr. Corp. v Town of Hempstead*, 24 AD3d 632, 634 [2005]; *Bilotta Constr. Corp. v Village of Mamaroneck*, 199 AD2d 230, 231 [1993]). "Where an inspection would have revealed the true conditions, a contractor is deemed to have knowledge of facts which it would have discovered had it made a reasonable inspection" (*Beltrone Constr. Co. v State of New York*, 256 AD2d 992, 995 [1998]; *see Warren Bros. Co. v New York State Thruway Auth.*, 34 NY2d 770, 771 [1974]). To interpret a contract, the reviewing court must confine itself to the four corners of the document and only consider extrinsic proof if the contract is ambiguous; if the contract is not ambiguous, it must be enforced according to the plain meaning of its terms (*see Brad H. v City of New York*, 17 NY3d 180, 185-186 [2011]; *Matter of Warner v Board of Educ., Cobleskill-Richmondville Cent. Sch. Dist.*, 108 AD3d 835, 836 [2013], *lv denied* 22 NY3d 859 [2014]).

In the parties' agreement here, "contract" was defined to include the agreement, project manual, proposal, drawings, addenda and certain other listed documents. In the proposal, claimant "declare[d] that it has carefully examined all Bidding and Contract Documents and that it has personally inspected the actual location of the work, . . . has satisfied itself as to all the quantities and conditions, and understands that in signing this Proposal, it waives all right to plead any misunderstanding regarding the same." One of the general notes on the drawings stated that claimant was obligated to "visit the premises and

list the State of New York as the only defendant (*see* Court of Claims Act § 9; *Mazart v State of New York*, 109 Misc 2d 1092, 1092 n 1 [1981]).

verify conditions and dimensions which affect the work" and that claimant was "responsible for same before and during construction." The agreement provided that "[t]he Contract Documents are complementary and what is called for by any one shall be as binding as if called for by all." In a provision labeled "Examination of Contract Documents and Site," claimant agreed that it had "carefully examined" the contract documents and work site of the project, "is fully informed regarding all the conditions affecting the work to be done and the labor and materials to be furnished . . .[,] and that its information has been acquired by personal investigation and research and *not* in the estimates and records of [SUNY]" (emphasis added). The contract does not permit payment for any extra work that "is made necessary or desirable because of any act or omission of [claimant] which is not in accordance with the Contract."

These contract provisions clearly and unambiguously establish that the parties intended for claimant to rely upon its own "personal investigation," which included "visit[ing] the premises and verify[ing] conditions and dimensions which affect the work," and that claimant was not to merely rely on "the estimates and records" provided by SUNY or the architectural firm (*see Warren Bros. Co. v New York State Thruway Auth.*, 34 NY2d at 771; *see also Rapid Demolition Co., Inc. v State of New York*, 54 AD3d at 922). Contrary to claimant's contention that the issuance of an addendum addressing the scale superceded all of the contract requirements mandating that claimant rely on its own personal investigation, the contract unambiguously states that the contract documents—which include the addenda—are to be "complementary" and requirements of one "shall be as binding as if called for by all." This language evinces the parties' intent to harmonize the contract documents rather than pursue an interpretation that would render some provisions meaningless; such harmonization is consistent with general precepts of contract interpretation (*see Beal Sav. Bank v Sommer*, 8 NY3d 318, 324-325 [2007]; *Vectron Intl., Inc. v Corning Oak Holding, Inc.*, 106 AD3d 1164, 1167 [2013]). The addendum's language modifying the scale on one drawing, while sufficient to supercede the scale on any prior drawing, does not supercede language concerning the contractor's obligation to perform its own research and to *not* rely on SUNY's estimates.

SUNY did not mislead claimant into relying on its figures, and claimant was not prevented from visiting the site nor taking its own measurements of the roof. Indeed, claimant was required to attend a pre-bid meeting at the site, during which

representatives of all potential bidders were brought to the roof. At that time, some took measurements, but claimant's representative did not. While the scale on the drawing may have been erroneous, even after allegedly corrected, the drawing contained dimensions that were not amended by the addenda. It appears from other record evidence that those dimensions were accurate.[2] Even if they were not, claimant admitted that it "never used measurements on [the] blueprint" to calculate the square footage of the roof, instead relying only on the scale, and did not take its own measurements of the roof until the project was approximately 75% complete and it noticed a shortage of materials (*compare Rapid Demolition Co., Inc. v State of New York*, 54 AD3d at 922). Thus, the extra work was necessary as a result of claimant's failure to perform its contractual duties.

Claimant has not alleged that the erroneous scale figure was provided in bad faith or in an attempt to defraud claimant (*see Beltrone Constr. Co. v State of New York*, 256 AD2d at 995; *see also Bilotta Constr. Corp. v Village of Mamaroneck*, 199 AD2d at 231-232). By showing that claimant could have verified the true dimensions of the roof by taking its own measurements, and that any extra work was required due to claimant's failure to perform that simple task of verification, defendant established that claimant was not entitled to any additional payment for that "extra work" (*see Rapid Demolition Co., Inc. v State of New York*, 54 AD3d at 922-923). In opposition to defendant's motion, claimant submitted the opinions of its estimator and an expert engineer as to the meaning of the contract, but those opinions merely constituted extrinsic evidence that cannot be considered where, as here, the contract language is unambiguous (*see Brad H. v City of New York*, 17 NY3d at 185-186). Claimant failed to submit any credible evidence that it performed its own investigation, inspected the location of the work site and verified the dimensions, as required by the contract, by means other than reliance on SUNY's estimates and records. Hence, claimant failed to meet its burden in opposition to defendant's motion for summary judgment.

Lahtinen, J.P., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

2. Indeed, at oral argument, claimant acknowledged that the perimeter dimensions included on the drawing were correct, but some dimensions—such as for protrusions like cupolas—were missing from the drawing.