■ L&L Painting Co., Inc., Appellant-Respondent, v Odyssey Contracting Corp., Respondent-Appellant, and Federal Insurance Company, Additional Counterclaim Appellant-Respondent. [35 NYS3d 305]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about September 30, 2014, which, to the extent appealed from, denied plaintiff (L&L) and additional defendant on the counterclaim Federal Insurance Company's (FIC) motion for summary judgment dismissing the first, third, and seventh counterclaims asserted by defendant Odyssey, and granted L&L and FIC's motion for summary judgment dismissing the fifth counterclaim, unanimously affirmed, without costs.

This action arises from a $167 million public improvement project known as the Queensboro Bridge Repainting Project for the New York City Department of Transportation (the City), for which L&L was the prime contractor, Odyssey was L&L's subcontractor, and FIC was L&L's payment bond surety.

The motion court correctly determined that L&L and FIC failed to meet their threshold burden of demonstrating the absence of material issues of fact regarding the first and seventh counterclaims, which alleged that Odyssey had not been paid in full for its work on the project (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In particular, they failed to submit evidence sufficient to make a prima facie showing that they paid Odyssey the full amounts owing under the subcontracts between Odyssey and L&L. Even if L&L and FIC had met their initial burden, L&L does not contest Odyssey's assertion that L&L conceded in March of 2008 that there were at least some amounts owing to Odyssey. Accordingly, this alone is sufficient to create a factual issue regarding the amounts due and owing (*id.*).

L&L and FIC rely on invoices and a spreadsheet-based invoicing system to show that Odyssey has been paid for all progress payments submitted to it. However, this evidence is not dispositive because, among other reasons, Odyssey seeks other forms of payment, including those for containment work, completion costs, retainage fees, and mobilization costs that were covered by the subcontracts and their amendments but were not covered by the invoicing system. Nor does the record establish, as a matter of law, that Odyssey repudiated the subcontracts and abandoned its work (*see Norcon Power Partners v Niagara Mohawk Power Corp.*, 92 NY2d 458, 462-463 [1998]; *Children of Am. [Cortlandt Manor], LLC v Pike Plaza Assoc., LLC*, 113 AD3d 583, 584 [2d Dept 2014]).

Odyssey's pleading, especially when considered in conjunction with the deposition testimony of L&L's principal, was sufficient to establish the elements of Odyssey's third counterclaim, for conversion (*Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 49-50 [2006]). The evidence sufficiently identified the property that was allegedly converted (*cf. Art & Fashion Group Corp. v Cyclops Prod., Inc.*, 120 AD3d 436, 440 [1st Dept 2014] [conversion claim dismissed on a CPLR 3211 motion to dismiss where the complaint failed to identify the property that was allegedly converted]).

The motion court correctly granted the motion for summary judgment dismissing Odyssey's fifth counterclaim, which seeks damages arising from additional work it performed as a result of a fire at the project site. It is undisputed that, pursuant to the dispute resolution provision found in section 19 (a) of the subcontracts, L&L presented the City with a claim seeking recovery on Odyssey's behalf for the "extra work" Odyssey performed as a result of the fire. Odyssey specifically agreed

that it would be bound by the final determination of the claim, including any determination in an appeal. The claim was denied and this Court affirmed that denial (*Matter of L&L Painting Co., Inc. v City of New York*, 69 AD3d 517 [1st Dept 2010]). Accordingly, Odyssey is barred from relitigating the claim.

We have considered the appealing parties' remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels, Kapnick and Kahn, JJ.