Matter of New York Concrete Corp./JPL Indus. JV v Contract Dispute Resolution Bd. of the City of N.Y.

2026 NY Slip Op 03367

May 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of New York Concrete Corp./JPL Industries JV, Petitioner-Respondent,

v

Contract Dispute Resolution Board of the City of New York, Respondent-Respondent, The City of New York, et al., Respondents-Appellants.

Decided and Entered: May 28, 2026

Index No. 155173/24|Appeal No. 6738|Case No. 2025-03150|

Before: Webber, J.P., Gesmer, Rodriguez, Pitt-Burke, O'neill Levy, JJ.

Muriel Goode-Trufant, Corporation Counsel, New York (Ian M. Sinclair of counsel), for appellants.

Grae & Grae, LLC, New York (Previn A. Waran of counsel), for New York Concrete Corp./JPL Industries JV, respondent.

Office of Administrative Trials and Hearings, New York (Leon F. Dawson of counsel), for Contract Dispute Resolution Board, respondent.

[*1]

Judgment (denominated an order), Supreme Court, New York County (J. Machelle Sweeting, J.), entered February 21, 2025, which granted the petition to annul the February 5, 2024 determination of respondent Contract Dispute Resolution Board of the City of New York (CDRB), denying petitioner's claim for additional compensation, and awarded petitioner $280,000, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.

The CDRB majority's determination "was rationally based, was not arbitrary and capricious, and was not affected by an error of law" (Matter of L&L Painting Co., Inc. v City of New York, 69 AD3d 517, 517-518 [1st Dept 2010], affd 14 NY3d 827 [2010]). CDRB rationally determined that the contract as a whole supported the interpretation of the Department of Design and Construction (DDC) that the bid schedule's line item for soil sampling and analysis (BMP-7.317-A) would be compensated as a single deliverable with an all-inclusive payment, not on a per-unit basis. The item specification provided that the "contract price for . . . Soil Sampling and Analysis . . . shall include all costs for labor and materials related to the development and implementation of an In-Situ Soil Sampling and Analysis Plan and Field Sampling Plan." CDRB also rationally concluded that the engineer's estimate on the bid schedule of "1.0 EACH" indicated to bidders that the per-unit bid would be the same as the total bid for the item and would not be multiplied by a factor greater than one. This conclusion is consistent with the bid schedule's instructions to calculate the "extended amount" or total estimate by multiplying the engineer's estimate with the unit price.

We reject petitioner's interpretation of the term "EACH" to mean that petitioner's per-unit bid would be multiplied at some later date by the number of soil samples actually taken. This interpretation impermissibly renders the payment calculation for BMP-7.317-A inconsistent with the payment calculation for every other line item in the bid schedule. The contract, including the bid schedule, must be read "as a whole to ensure that excessive emphasis is not placed upon particular words or phrases" (South Rd. Assoc., LLC v International Bus. Machs. Corp., 4 NY3d 272, 277 [2005]).

To the extent the drafter's use of the term "EACH" created ambiguity about whether BMP-7.317-A would be compensated on a per-unit basis, the CDRB majority rationally determined that section 9 of the contract required petitioner to seek clarification before bidding (see Matter of Dobco, Inc. v City of New York, 238 AD3d 588, 588 [1st Dept 2025]).

[*2]

Even assuming that the bid schedule was ambiguous, thus permitting consideration of extrinsic evidence (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]), the CDRB majority rationally gave little weight to the engineer's estimate of $5,000 contained in the Memorandum of Bids. The same document showed that competing bidders, who bid significantly higher for BMP-7.317-A, did not share petitioner's reading of "EACH," and the contract expressly provided that the engineer's estimate was not binding.

Contrary to petitioner's contention, reviewing courts have "no discretionary authority or interest of justice jurisdiction in [a] CPLR article 78 proceeding" (Matter of Ellis v Mahon, 11 NY3d 754, 755 [2008]). Rather, judicial review is limited to whether the administrative decision was arbitrary and capricious, or lacked a rational basis (see CPLR 7803[3]; Matter of Slesinger v Department of Hous. Preserv. & Dev. of City of N.Y., 39 AD3d 246, 247 [1st Dept 2007]).

We have considered petitioner's remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 28, 2026