THOMAS, J., reads for affirmance as to the judgment entered May 5, 1911, and the order denying motion for a new trial, with whom JENKS, P. J., concurs, and for reversal of judgment entered May 8, 1911, with whom JENKS, P. J., and BURR, CARR, and WOODWARD, JJ., concur.

In Di Crescenti v. City of New York et al.: Judgments and order reversed and new trial granted, costs to abide the event, as to the defendants Rodgers and Hagerty, and unanimously affirmed, with costs, as to the defendant the city of New York. JENKS, P. J., and BURR, CARR, and WOODWARD, JJ., concur.

CARR, J. [7] While I concur with THOMAS, J., that the judgment and order should be reversed as to the defendant Rodgers & Hagerty, it seems to me that the judgment and order should be reversed likewise as to the city of New York, on the ground that it was a question for the jury whether the city of New York had, under the circumstances, shown reasonable care and diligence in the maintenance of the street surface during the progress of the sewer construction.

---

## BOARD OF EDUCATION OF UNION FREE SCHOOL DIST. NO. 2, TOWN OF TRENTON, v. CRILL.

(Supreme Court, Appellate Division, Fourth Department. March 6, 1912.)

SCHOOLS AND SCHOOL DISTRICTS (§ 159*)—NONRESIDENCE OF PUPILS—EVIDENCE—SUFFICIENCY.

In an action by a board of education to recover tuition, evidence held to show that defendant's children were nonresidents of the district.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 330, 331; Dec. Dig. § 159.*]

Appeal from Oneida County Court.

Action by the Board of Education of Union Free School District No. 2, Town of Trenton, against George W. Crill. From an order affirming a judgment for defendant (73 Misc. Rep. 472, 133 N. Y. Supp. 394), plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

G. E. Pritchard, for appellant.
E. Willard Jones, for respondent.

KRUSE, J. The action is brought to recover for tuition of the defendant's two children, who, it is claimed, were nonresidents of the plaintiff school district. The defendant contends that they were residents, and that is the only question in the case.

The defendant's family consisted of himself, his wife, a boy, and a girl. He lived with his family for many years on a farm in the town of Floyd, adjoining the town of Trenton, which includes the school district where the defendant's children attended· school. They attended the school during the school year of 1908–09, and he paid tuition therefor at the usual rate for nonresident pupils. In August, 1909, the defendant rented a house, or part of a house, in the village of Holland Patent, within the bounds of the school district, with the

privilege of buying it if he so desired, and moved into the house with his wife and children about the 1st of September, 1909. They brought with them sufficient household goods to keep house, and left the rest in the house from which they moved. They lived there during the winter, the children attending school, and as soon as the school closed, in the spring or early summer, they stored what furniture they had in the house at Holland Patent and went back to the farm, where they lived during the summer, returning in the fall of that year, 1910, and living again in the house in Holland Patent, the children attending school as the year before. Finally, about the 1st of April, 1911, defendant gave up the house in Holland Patent.

The defendant refused to pay the tuition for the two years that he lived in Holland Patent, upon the ground that he and his children were during that time residents of the district. The defendant testified that he considered his residence in Holland Patent from the time he moved there in September, 1909. But I think the circumstances show that he was not a resident of the school district. His permanent place of residence remained in the town of Floyd. That was his domicile. He was assessed there as a resident taxpayer. He registered and voted there after he had moved to Holland Patent, and was elected to the office of supervisor, and qualified and acted as such while he was living at Holland Patent. I think his school residence, as well as his voting residence, remained in the town of Floyd. He could not gain a school residence in the Holland Patent school district without losing it in the school district in which he lived in Floyd, where he had his domicile and permanent home.

Stress is laid on the provisions of the Education Law, which not only makes free, to every person of the school age therein fixed, the school of the district or city in which he resides (Education Law [Laws of 1909, c. 21; Consol. Laws 1909, c. 16] § 568), but makes it compulsory for children of certain ages and in proper mental and physical condition to attend school, and provides, among other things, for the arrest of truant children, the punishment of parents who refuse to comply with the law, and the punishment of persons who employ children under school age during the school year, except as therein provided. Compulsory Education Law (Laws of 1910, c. 140; Consol. Laws 1910, c. 16) art. 23. And it is pointed out that, in the report which the trustees are required to make on the 1st day of August in each year, there shall be included in the number of children residing in the district all who on the 30th day of June last preceding, of the age therein stated, were actually in the district, comprising a part of the family of their parents, or guardians, or employers, if such parents, guardians, or employers resided at the time in said district, although such residence was temporary. But it is further provided in the same subdivision that such report shall not include children belonging to the family of any person who shall be an inhabitant of any other district in the state, in which such children may by law be included in the report of its trustees. Education Law (Laws of 1909, c. 21) § 198, subd. 4. This subdivision was amended in 1910 by the Education Law passed that year (Laws of

1910, c. 140, § 276, subd. 4), by eliminating the provision respecting temporary residents of the district, including only such children of school age as shall have been legal residents of the district at a certain date therein named.

I do not think the provisions of the Education Law aid the defendant in his contention. It is very clear that his only purpose in living in Holland Patent was to send his children to school there, intending to return to the farm when that object had been attained. It is true that many people have a home in the city and another in the country, and some have more, all equally permanent; and there are even some whose various places of abode are so transient and temporary that it might be difficult to determine their legal residence at a given time. And there may be cases where the voting residence of the father and the school residence of his children is not the same; but that, I think, is not 'this case. Here, I think, the children, as well as their father, were not residents of the Holland Patent school district, and I think we should so hold as a matter of law.

If the conclusion I have reached is correct, it follows that the judgment of the County Court and that of the Justice's Court should be reversed, with costs. All concur.