■ BRENER & LEWIS MANAGEMENT, INC., Respondent, v IRVING ENGEL, Individually and Doing Business as ENGEL ENTERPRISES, Appellant.—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered December 13, 1989, denying the motion of defendants Irving Engel, individually and doing business as Engel Enterprises, to dismiss the complaint pursuant to CPLR 3211 and 3212, unanimously modified on the law, to grant summary judgment dismissing the complaint as to said defendants and, except as thus modified, affirmed, without costs or disbursements.

Plaintiff sues on breach of contract and quantum meruit to recover a real estate brokerage commission allegedly earned in connection with the sale of the Hotel Sterling in Wilkes Barre, Pennsylvania. After joinder of issue, defendants moved to dismiss pursuant to CPLR 3211 on the grounds that the complaint failed to state a cause of action against Irving Engel, individually, that the action against him was barred by the Statute of Frauds and that the action against the partnership, Engel Enterprises, was barred by the Statute of Limitations and the Statute of Frauds and for summary judgment pursuant to CPLR 3212 on the ground that a binding contract for the payment of commissions was never entered into between plaintiff and defendants and that such a contract could not be implied in fact. The summary judgment motion was predicated principally on the deposition testimony of Steven Weissberg, plaintiff's real estate salesman, who acknowledged that the seller never agreed to pay a 6% commission in cash, as claimed, and that the seller repeatedly told him to look to the buyer for a commission. The IAS court denied the motion in its entirety. With respect to the summary judgment aspect of the motion, the court found, insofar as is relevant, a basic disagreement as to whether any commission was due and owing and, if so, whether the buyer or seller was responsible. Based on our review of the record, we find no issue of fact and grant defendants' motion for summary judgment dismissing the complaint.

As Weissberg admitted in his deposition testimony, Engel never agreed to pay a 6% cash commission. At most, there

were continuing discussions about the structuring of a commission payment by the buyer and only tentatively by Engel, which discussions never resulted in an agreement. In such circumstances, the alleged brokerage agreement is void for vagueness: the parties failed to agree upon the essential terms of any agreement. *(Willmott v Giarraputo,* 5 NY2d 250.) Nor does plaintiff offer any evidence of trade practice or other reference to fill in the gaps created by these unresolved terms, which are fundamental. *(See, May Metro. Corp. v May Oil Burner Corp.,* 290 NY 260.) Weissberg's more recent claim, contained in his affidavit in opposition, that Engel did agree to pay him a 6% commission does not cure the deficiency since he fails to state that Engel agreed to pay him in cash. Indeed, Weissberg's deposition testimony as to the unavailability of a payment in cash is completely unaffected; his options were an equity stake in the ownership of the hotel, notes payable by the buyer, or, if from the seller, limited to a passalong of part of the buyer's note payments to the seller. Indeed, it is undisputable on this record that Engel, who needed all the limited cash proceeds ($300,000 against a purchase price of $2,444,761) from the transaction, refused to sign any written brokerage agreement. Since, according to his testimony, Weissberg was, from the outset, familiar with the limited availability of cash proceeds and Engel's cash needs, his belated claim that Engel did agree to pay him a 6% commission is still inadequate, given his failure to state that agreement had been reached as to the structure of that payment.

Nor can an agreement be implied in fact inasmuch as the facts asserted by Weissberg are inconsistent with such a contract and against the intention or understanding of the parties. *(See, Miller v Schloss,* 218 NY 400, 407; *Julien J. Studley, Inc. v New York News,* 122 AD2d 633, 636, *affd* 70 NY2d 628.)* Weissberg has conceded that Engel never agreed to pay him cash and acknowledged that he was always told to look to the buyer for the payment of a commission, either through an equity position or notes payable over time. If payment was to be made by the seller, it would, as noted, be limited to a passalong of part of the buyer's note payments. We note that the purchase price was never increased to reflect that brokerage commissions were to be paid by the seller. It always remained at $300,000 over the existing mortgages. Also, a written agreement was prepared by the buyer, which is now in bankruptcy, obligating it to pay Weissberg a fee. In such circumstances, an obligation on Engel's part to pay commission cannot be implied. Similarly, there can be no

recovery in quantum meruit since these same facts established that Weissberg had no expectation of compensation from defendants for the services he performed. *(See, Umscheid v Simnacher,* 106 AD2d 380, 382-383.) Concur—Sullivan, J. P., Ross, Kassal, Smith and Rubin, JJ.