■ Board of Education of the Bay Shore Union Free School District, Appellant-Respondent, v Joseph Marsiglia,

Respondent, and MARION MARSIGLIA, Respondent-Appellant.—
In an action to recover payment of tuition from the parents of
a child ineligible for a free public education, the plaintiff
Board of Education of the Bay Shore Union Free School
District appeals from so much of an order of the Supreme
Court, Suffolk County (Doyle, J.), entered June 29, 1990, as
denied that branch of its motion which was for summary
judgment on its cause of action based on Education Law
§ 3202 and which held that its recovery must be offset by the
amount of school taxes paid to the district by the parents, and
defendant Marion Marsiglia cross-appeals from so much of the
order as granted those branches of the plaintiff's motion
which were for summary judgment on its causes of action
sounding in fraud and implied contract.

Ordered that the cross appeal is dismissed, without costs or
disbursements, as abandoned; and it is further,

Ordered that on the appeal by the plaintiff, the order is
modified, on the law, by (1) deleting the provision thereof
which granted that branch of the plaintiff's motion which was
for summary judgment on its third cause of action, and
substituting therefor a provision, upon searching the record,
dismissing the plaintiff's third cause of action sounding in
implied contract, and (2) deleting the provision thereof which
denied that branch of the plaintiff's motion which was for
summary judgment on its first cause of action, and substitut-
ing therefor a provision granting that branch of the motion
and authorizing entry of judgment in the plaintiff's favor in
the principal sum of $4,165, with no offset for the amount of
school taxes paid to the district by the parents; as so modified,
the order is affirmed insofar as appealed from, without costs
or disbursements, and the matter is remitted to the Supreme
Court, Suffolk County, for entry of an appropriate judgment.

The defendants, by presentation of an altered birth certifi-
cate, enrolled their daughter in the plaintiff's kindergarten
class the year before she was eligible for a free education
under Education Law § 3202 (1). Near the end of the school
year, the district discovered the deception, and, upon the
defendants' refusal to compensate the district for the cost of
their daughter's schooling, brought this action.

We hold that the district had the same right to seek
payment for this ineligible resident's tuition as it would have
to seek payment from a nonresident enrolled in its schools
under false pretenses (see, Board of Educ. v Crill, 149 App Div
407). The uncontroverted evidence presented by the plaintiff is
that the cost of tuition was $4,165. We reject the trial court's

conclusion that the defendants are entitled to set off against this sum the amount of school taxes paid to the district. Education Law § 3202 (3) requires such a set off in one set of facts only: when the parent or guardian of a nonresident student pays taxes in the district that the student attends. We see no reason grounded in law or public policy to apply this provision in different circumstances. Accordingly, judgment should be entered in favor of the plaintiff and against the defendants in the principal sum of $4,165.

In addition, we reverse so much of the order as granted the plaintiff summary judgment on the third cause of action sounding in implied contract and dismiss that cause of action, since it has no application to the case before us *(see, Miller v Schloss,* 218 NY 400). Bracken, J. P., Harwood, Balletta and Copertino, JJ., concur.