■ T. SENG TJOA, Appellant, v JULIA BUTTERFIELD MEMORIAL HOSPITAL et al., Respondents. [612 NYS2d 676] —In an action to recover damages, inter alia, for tortious interference with contract rights and prima facie tort, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Meehan, J.), entered August 12, 1992, which, upon granting the defendants' motion for summary judgment, is against him and in favor of the defendants dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff's argument that an implied-in-fact contract existed is unpreserved for appellate review and is, in any event, without merit. "A contract cannot be implied in fact where the facts are inconsistent with its existence, or against the declaration of the party to be charged * * * or against the intention or understanding of the parties" (Miller v Schloss, 218 NY 400, 406-407). Moreover, for such an agreement to exist, "[t]he assent of the person to be charged is necessary

and unless he has conducted himself in such a manner that his assent may fairly be inferred he has not contracted" *(supra,* at 407).

In the case at bar, the defendant Julia Butterfield Memorial Hospital (hereinafter the Hospital), and the plaintiff entered into an agreement on January 1, 1985, which was renewed in 1986, 1987, and 1988. Under the agreement, the plaintiff was appointed Director of the Department of Anesthesiology and he agreed to provide certain administrative services in that capacity. The record indicates that the defendants never assented to the renewal of the agreement when it expired on December 31, 1988. Rather, the defendants clearly notified the plaintiff that the agreement would not be renewed. After the expiration of the agreement, the plaintiff no longer acted as the Director of the Department of Anesthesiology and did not provide administrative services in that capacity and no longer provided anesthesia services to the Hospital on an exclusive basis. Nor did the Hospital continue to pay him for the services he had provided under the agreement. Therefore, contrary to the plaintiff's assertions, neither party acted as though the agreement was still in effect. Under these circumstances, we agree with the Supreme Court, which found that there was no agreement in effect, either express or implied, on January 8, 1990, when defendant John P. Rugh summarily suspended the plaintiff's privileges *(see, Board of Educ. v Marsiglia,* 182 AD2d 662, 664; *Brener & Lewis Mgt. v Engel,* 168 AD2d 254, 255) and, therefore, no contract was breached. Accordingly, the court properly granted summary judgment to the defendants.

We have considered the plaintiff's remaining contentions and find them to be without merit. O'Brien, J. P., Ritter, Santucci and Krausman, JJ., concur.