■ Valsirv Realty Co. Ltd., Respondent, v Michael Tenenbaum et al., Appellants. [757 NYS2d 763] —In an action to recover upon a promissory note commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants Michael Tenenbaum, estate of Pola Tenenbaum, Helen Sieger, Michael Melnicke, and Briendy Melnicke appeal, and the defendant Chaim Sieger separately appeals, from (1) an order of the Supreme Court, Westchester County (Rudolph, J.), entered March 18, 2002, which granted the motion for sum-

mary judgment in lieu of complaint and denied their respective cross motions to dismiss the action, and (2) a judgment of the same court entered May 3, 2002, which is in favor of the plaintiff and against them in the principal sum of $1,524,309.71. The defendant Chaim Sieger's notice of appeal from the order entered March 18, 2002, is also deemed to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeals from the order are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeals from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241 [1976]). The issues raised on the appeals from the order are brought up for review and have been considered on the appeals from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted the plaintiff's motion for summary judgment in lieu of complaint because the plaintiff made out a prima facie case by producing the instrument and proof of a failure to make the payments called for by its terms (*see Weissman v Sinorm Deli,* 88 NY2d 437 [1996]). The defendants failed to present evidence sufficient to raise a triable issue of fact as to whether the plaintiff intentionally or voluntarily relinquished its right to enforce the instrument (*see Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966 [1988]), or whether the defendants' default on payment of principal and interest was trivial or inconsequential so as to estop the plaintiff from accelerating the instrument (*see Fifty States Mgt. Corp. v Pioneer Auto Parks,* 46 NY2d 573 [1979]).

The Supreme Court properly denied the defendants' motions to dismiss the action. The defendants' claim that the plaintiff is a foreign limited partnership doing business in New York without authority, and is therefore maintaining this action in violation of Partnership Law § 121-907 (a), is unsupported by any evidence of systematic and regular activity in this State (*see Alicanto, S.A. v Woolverton,* 129 AD2d 601 [1987]; *CadleRock Joint Venture v Klar,* 278 AD2d 39 [2000]). Altman, J.P., Luciano, Adams and Rivera, JJ., concur.