■ TRIDEE ASSOCIATES, INC., Respondent, v BOARD OF EDUCATION OF CITY OF NEW YORK, Appellant. [803 NYS2d 706]—

In an action, inter alia, to recover damages for breach of contract and on an account stated, the defendant appeals from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered January 20, 2004, which, upon the denial of that branch of the defendant's motion, made at the close of the plaintiff's case, which was to dismiss the account stated cause of action for failure to establish a prima facie right to recover on that theory, upon a jury verdict, and upon an order of the same court dated July 10, 2003, among other things, granting the plaintiff's post-verdict motion pursuant to CPLR 4404 (a) to increase the damages from the principal sum of $303,649 to the principal sum of $430,634.75, is in favor of the plaintiff and against it in the principal sum of $430,634.75.

Ordered that the judgment is modified, on the law, by reducing the award to the plaintiff from the principal sum of $430,634.75 to the principal sum of $303,649; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the defendant's motion which was to dismiss the account stated cause of action is granted, so much of the order dated July 10, 2003, as granted the plaintiff's post-verdict motion to increase the damages is vacated, and that motion is denied, the matter is remitted to the Supreme Court, Kings County, for the entry of an amended judgment in accordance herewith, and the order dated July 10, 2003, is modified accordingly.

The defendant, the Board of Education of the City of New York (hereinafter the BOE), sought to convert the plaintiff's building into an elementary school. The plaintiff and the New York City School Construction Authority (hereinafter the tenant) entered into a lease whereby the tenant agreed to pay for the construction work required to convert the building into a school, and the plaintiff agreed to select the contractor to perform the work. Under the lease, the amount that the plaintiff could be reimbursed for the project was limited to $750,000.

The lease provided that it could be modified only by a writing signed by both parties. After the school was completed and the plaintiff was paid $750,000, it asserted that it was owed an additional $430,634.75 for "extra work" it had performed upon the request of the BOE, the assignee of the tenant. There was no written authorization for the extra work. The BOE refused to pay, and the plaintiff brought this action.

At trial, the BOE moved at the close of the plaintiff's case, inter alia, to dismiss the account stated cause of action for failure to establish a prima facie right to recover on that theory. The court denied that branch of the motion and submitted the case to the jury on, among other things, an account stated theory and a breach of contract theory. The jury found that (1) the plaintiff had performed extra work under the contract at the request of the BOE and had sustained damages in the amount of $303,649, in effect, for breach of contract, and (2) the plaintiff was entitled to recover under an account stated theory in that amount. The plaintiff submitted a post-verdict motion seeking to increase the damage award to $430,634.75 on the basis of the jury's "account stated" finding. The court granted the plaintiff's motion. The BOE appeals.

The Supreme Court erred in denying that branch of the motion made at the close of the plaintiff's case which was to dismiss the account stated cause of action. There was no evidence in this case from which a jury could find or infer that the BOE ever assented, expressly or impliedly, that it was indebted to the plaintiff in the sum claimed, and undertook, by express or implied promise, to pay it (see Newburger-Morris Co. v Talcott, 219 NY 505, 512 [1916]; Volkening v DeGraaf, 81 NY 268, 270 [1880]; M & A Constr. Corp. v McTague, 21 AD3d 610 [2005]; Abbott, Duncan & Wiener v Ragusa, 214 AD2d 412, 413 [1995]). The plaintiff sent the BOE an invoice containing 26 items for which it sought additional compensation. Those items previously had been billed on other invoices but not paid. The plaintiff admitted that the BOE had objected to some of the items at the time they had been billed (see Collier, Cohen, Crystal & Bock v MacNamara, 237 AD2d 152 [1997]). Since there was a dispute as to the amount owed, the account stated cause of action should have been dismissed (see Erdman Anthony & Assoc. v Barkstrom, 298 AD2d 981, 982 [2002]).

Given that the account stated cause of action should have been dismissed at the end of the plaintiff's direct case, the Supreme Court erroneously granted the plaintiff's post-trial motion to increase the jury award of damages to the amount alleged to have been the account stated. The judgment therefore must be modified accordingly.

The BOE's remaining contentions are without merit (*see Tridee Assoc. v New York City School Constr. Auth.*, 292 AD2d 444 [2002]). Florio, J.P., Crane, Mastro and Rivera, JJ., concur.