■ ELI NOY, Respondent, v EVEREST EQUITIES, INC., et al., Appellants. [812 NYS2d 594]—In an action, inter alia, to recover on mortgage notes, the defendants appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Taylor, J.), dated February 10, 2005, as upon a decision of the same court dated January 4, 2005, granted those branches of the plaintiff's motion which were for summary judgment on the first, second, fourth, and sixth causes of action and as awarded damages pursuant to those causes of action.

Ordered that the notice of appeal from the decision is deemed to be a premature notice of appeal from the order and judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof granting that branch of the motion which was for summary judgment on the fourth cause of action and awarding damages pursuant to that cause of action and substituting therefor a provision dismissing that branch of the motion as withdrawn; as so modified, the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendants' contention that the plaintiff's motion for summary judgment was premature is without merit because this is not a case where the facts needed to oppose the motion were unavailable to the defendants (*see Federal Deposit Ins. Corp. v Hyer*, 66 AD2d 521, 527 [1979]).

The plaintiff sustained his initial burden of demonstrating entitlement to judgment as a matter of law on the first, second, and sixth causes of action by producing the mortgage notes, guaranty, and other related documents, along with proof of the defendants' failure to make the payments thereunder (*see Korea Exch. Bank v A.A. Trading Co.*, 8 AD3d 344, 345 [2004]; *Valsirv*

*Realty Co. v Tenenbaum*, 304 AD2d 748 [2003]). In opposition, the defendants did not raise a triable issue of fact as to those causes of action (*see Duke & Co. v Lesczcak*, 260 AD2d 344 [1999]). The defendants' claim of payment with respect to the first, second, and sixth causes of action was unsubstantiated by admissible evidence (*see Duke & Co. v Lesczcak, supra*).

However, the Supreme Court erroneously granted that branch of the plaintiff's motion which was for summary judgment on the fourth cause of action because in his reply motion papers, the plaintiff conceded that triable issues of fact exist with respect to that cause of action, and he specifically withdrew that branch of his motion. Adams, J.P., Skelos, Fisher and Lunn, JJ., concur.