■ HI-AMP ELECTRICAL CONTR. CORP., Respondent, v MAXI-MUM MECHANICAL CORP., Appellant. [829 NYS2d 679]—

In an action to recover damages for breach of contract, the defendant appeals from (1) a decision of the Supreme Court, Queens County (Leviss, J.H.O.), dated May 23, 2005, and (2) a judgment of the same court entered July 6, 2005, which, after a nonjury trial and upon the decision, is in favor of the plaintiff and against it in the principal sum of $27,096.80.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

Where, as here, the case was tried to the court, without a jury, "this Court's power to review the evidence is as broad as that of the trial court, 'taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses' " (*Letterese v State of New York*, 33 AD3d 593, 593 [2006], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

We discern no basis, on this record, to disturb the trial court's findings of fact or conclusions of law (*see Poli v Lema*, 24 AD3d 981, 983 [2005]; *see also Hollow Rd. Farms, Inc. v Quo Vadis Intl., LLC*, 31 AD3d 1023, 1024-1025 [2006]). The trial court properly credited the testimony of the plaintiff's witness in

determining that the plaintiff was entitled to recover payment for certain extra work not contemplated in its original agreement with the defendant, and which the plaintiff performed pursuant to verbal instructions received from an officer of the defendant (*see Howdy Jones Constr. Co. v Parklaw Realty*, 76 AD2d 1018, 1018-1019 [1980], *affd* 53 NY2d 718 [1981]). Schmidt, J.P., Crane, Fisher and Dickerson, JJ., concur.