LUDEMANN ELECTRIC, INC., Appellant, v HARRY DICKRAN, Also Known as HARRY M. DICKRAN, et al., Respondents. [903 NYS2d 532]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (McCarty, J.), entered June 5, 2009, as, upon a decision of the same court dated October 7, 2008, made after a nonjury trial, is in favor of the defendants and against it dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Parr v Ronkonkoma Realty Venture I, LLC*, 65 AD3d 1199, 1201 [2009]). On this record, we discern no basis to disturb the trial court's findings of fact or conclusions of law.

The Supreme Court properly credited the testimony of the witnesses in determining that there was an express contract between the parties requiring that the plaintiff be paid on a fixed rate basis for certain electrical service, work, equipment, and materials provided, thus precluding the existence of a contract implied in fact for payment of all electrical service, work, equipment, and materials on a time and materials basis (*see Jemzura v Jemzura*, 36 NY2d 496, 503-504 [1975]; *see Zimmer v Town of Brookhaven*, 247 AD2d 109 [1998]). Contrary to the plaintiff's contention on appeal, "[a] contract cannot be implied *in fact* where the facts are inconsistent with its existence . . . or where there is an express contract covering the subject-matter involved" (*Miller v Schloss*, 218 NY 400, 406-407 [1916]; *see Tjoa v Butterfield Mem. Hosp.*, 205 AD2d 526, 526-527 [1994]).

Furthermore, the Supreme Court properly determined that the plaintiff was not entitled to recover payment for extra work not contemplated in its original agreement with the defendants. While a contractor may properly recover payment for extra work that is not contemplated by the terms of the original agreement, and which is performed at the direction of the defendants (*see Hi-Amp Elec. Contr. Corp. v Maximum Mech. Corp.*, 37 AD3d 541, 541-542 [2007]; *Howdy Jones Constr. Co. v Parklaw Realty*, 76 AD2d 1018 [1980], *affd* 53 NY2d 718 [1981]), a contractor may not recover for any purported extra work that was actually covered by the terms of the original contract (*see Bilotta Constr. Corp. v Village of Mamaroneck*, 199 AD2d 230, 231 [1993]; *Savin Bros. v State of New York*, 62 AD2d 511, 516 [1978], *affd* 47 NY2d 934 [1979]). By failing to submit any evidence demonstrating which work was performed pursuant to the original fixed price contract, and which work was performed in addition to the work contemplated in the original contract, the plaintiff failed to establish its right to recover for the extra work performed (*cf. Hi-Amp Elec. Contr. Corp. v Maximum Mech. Corp.*, 37 AD3d at 541-542; *Howdy Jones Constr. Co. v Parklaw Realty*, 76 AD2d 1018 [1980], *affd* 53 NY2d 718 [1981]).

Similarly, the Supreme Court properly determined that the plaintiff failed to establish its entitlement to recover damages for the extra work performed on a theory of quantum meruit because it failed to demonstrate the reasonable value of the extra work performed (*see generally Miranco Contr., Inc. v Perel*, 57 AD3d 956, 957-958 [2008]; *see Najjar Indus. v City of New York*, 87 AD2d 329 [1982], *affd* 68 NY2d 943 [1986]).

Finally, the Supreme Court properly determined that the plaintiff failed to establish the requisite elements for recovery on a theory of account stated (*see Heelan Realty & Dev. Corp. v Ocskasy*, 27 AD3d 620, 621 [2006]; *Tridee Assoc., Inc. v Board of Educ. of City of N.Y.*, 22 AD3d 833, 834 [2005]). Mastro, J.P., Florio, Belen and Roman, JJ., concur.