■ McFADYEN CONSULTING GROUP, INC., Respondent, v PURITAN'S PRIDE, INC., Appellant. [928 NYS2d 87]—

In July 2008, the plaintiff, McFadyen Consulting Group, Inc. (hereinafter McFadyen), entered into a master services agreement (hereinafter the contract) with the defendant, Puritan's Pride, Inc. (hereinafter PPI), to perform computer programming services with respect to PPI's launch of an "entirely new" "e-commerce platform." Under the terms of the contract, McFadyen was to submit invoices to PPI on a semimonthly basis. Further, PPI was required to notify McFadyen of any dispute with respect to any invoice, in writing, within 15 days after submission of the invoice. Failure to enforce a contract provision was not to be deemed a waiver of the contract provision, and modification of any contract term was required to be in writing, signed by representatives of both McFadyen and PPI. McFadyen's sole liability for its failure to deliver its services

would be forfeiture of any "money yet to be earned" and termination of the contract. Neither party was to be liable to the other for "INCIDENTAL, INDIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES OF ANY KIND . . . INCLUDING LOSS OF PROFIT." McFadyen warranted that it would perform the services required under the contract in a workmanlike and professional manner. Either party could cancel the contract on 30 days' written notice. Finally, the contract provided that McFadyen would be entitled to reasonable attorneys' fees in the event it became necessary for McFadyen to resort to legal action to collect amounts due under the contract and McFadyen was successful in such action.

In December 2008, PPI terminated the contract because it allegedly was dissatisfied with McFadyen's performance. It had not paid invoices submitted in October, November, or December of 2008. In April 2009, McFadyen commenced this action to recover damages for breach of contract and based upon an account stated, and for attorneys' fees as provided for in the contract. PPI asserted counterclaims, inter alia, alleging breach of contract and fraudulent misrepresentation. Eventually, McFadyen moved for summary judgment on the complaint and dismissing PPI's counterclaims. The Supreme Court granted McFadyen's motion, and PPI appeals from so much of the order as awarded summary judgment to McFadyen on its causes of action alleging breach of contract and based upon an account stated and dismissing its counterclaim alleging fraudulent misrepresentation and so much of its counterclaim alleging breach of contract as sought to recover certain amounts paid for McFadyen's allegedly defective performance of its services.

Inasmuch as PPI failed to show that facts essential to justify opposition may exist upon further discovery, the Supreme Court properly rejected PPI's contention that McFadyen's motion for summary judgment was premature (*see Vidal v Tsitsiashvili,* 297 AD2d 638, 638-639 [2002]; *Mazzaferro v Barterama Corp.,* 218 AD2d 643 [1995]; *Noy v Everest Equities, Inc.,* 27 AD3d 629 [2006]).

McFadyen established its prima facie entitlement to judgment as a matter of law on its cause of action alleging breach of contract by establishing that after it submitted the invoices that are at issue on this appeal, PPI did not dispute those invoices in the manner provided in the contract and did not pay the amounts due (*see Castle Oil Corp. v Bokhari,* 52 AD3d 762 [2008]). In opposition, PPI did not raise a triable issue of fact as to whether it timely gave written notice to McFadyen that it disputed any of the invoices at issue, or as to whether McFadyen

waived, either orally or in writing, the requirement of timely written notice of disputes as to invoices (*see Brooklyn Navy Yard Cogeneration Partners v PMNC*, 277 AD2d 271, 272 [2000]; *cf. Tridee Assoc., Inc. v Board of Educ. of City of N.Y.*, 22 AD3d 833, 834 [2005]; *Bank Leumi Trust Co. of N.Y. v Block 3102 Corp.*, 180 AD2d 588, 589-590 [1992]). Consequently, the Supreme Court properly awarded summary judgment to McFadyen on its cause of action alleging breach of contract. The Supreme Court also properly awarded summary judgment to McFadyen on its cause of action based upon an account stated.

McFadyen also established its entitlement to judgment as a matter of law dismissing PPI's counterclaim alleging fraudulent misrepresentation (*see J.M. Bldrs. & Assoc., Inc. v Lindner*, 67 AD3d 738, 741 [2009]; *WIT Holding Corp. v Klein*, 282 AD2d 527 [2001]; *Glassman v Catli*, 111 AD2d 744, 745-746 [1985]; *see also Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 118 [1998]) and so much of PPI's counterclaim alleging breach of contract as sought to recover certain amounts paid to McFadyen under the contract (*see Peluso v Tauscher Cronacher Professional Engrs.*, 270 AD2d 325 [2000]). In opposition, PPI failed to raise a triable issue of fact (*Zuckerman v City of New York*, 49 NY2d 557 [1980]). Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.