14-681-cv(L)
Saeed v. Kreutz

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand fifteen.

PRESENT: DENNIS JACOBS,
        RAYMOND J. LOHIER, JR.,
                **Circuit Judges**,
        FRANK P. GERACI, JR.,[*]
                **District Judge**.

- - - - - - - - - - - - - - - - - - - - - -X
SHOMARI SAEED,
        **Plaintiff-Appellee-Cross-Appellant**,

    **-v.-**                        **14-681(L)**
                                        **14-902(XAP)**

SERGEANT JOSEPH KREUTZ, in his official and individual capacity, INVESTIGATOR DARRYL HENDERSON, in his official and individual capacity, COUNTY OF NASSAU, DEPUTY UNDERSHERIFF

---

[*] Chief Judge Frank P. Geraci, Jr., of the United States District Court for the Western District of New York, sitting by designation.

1

**LINDA LAGRECA, in her official and individual capacity, NASSAU COUNTY SHERIFF'S DEPARTMENT, CAPTAIN PETER DUDEK, in his official and individual capacity, SERGEANT THOMAS SAITTA, in his official and individual capacity,**
          <u>**Defendants-Appellants-Cross-Appellees.**</u>**[**]
- - - - - - - - - - - - - - - - - - - - -X

**FOR PLAINTIFF:**                    STEPHEN BERGSTEIN (Frederick K. Brewington, Law Offices of Frederick K. Brewington, Hempstead, New York, <u>on the brief</u>), Bergstein & Ullrich, LLP, Chester, New York.

**FOR DEFENDANTS:**                   DEANNA PANICO (Michael P. Siravo, <u>on the brief</u>), Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **REVERSED.**

Defendants Sergeant Joseph Kreutz, Sergeant Thomas Saitta, Investigator Darryl Henderson, Captain Peter Dudek, Deputy Undersheriff Linda LaGreca, the Nassau County Sheriff's Department (the "Department"), and the County of Nassau (the "County") (collectively, "defendants") appeal from the judgment of the United States District Court for the Eastern District of New York (Kuntz, <u>J.</u>), awarding damages of $200,000 in favor of plaintiff Shomari Saeed. Saeed cross-appeals and seeks a new trial. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

---

[**]     The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

This case arises out of Saeed's employment with the Department. Saeed--who is black, Muslim, and gay--alleges that he endured harassment, discrimination, and retaliation from members of the Department on the basis of his race, color, religion, and sexual orientation. The complaint asserts a number of claims, principally under federal and New York anti-discrimination statutes, but also under New York common law. A jury found for defendants on every claim except a common law claim for breach of an implied-in-fact contract. On that claim, the jury awarded Saeed damages in the amount of $200,000. The district court entered judgment accordingly.

On appeal: (I) defendants argue that the judgment must be reversed because the implied-in-fact contract claim should have been dismissed as a matter of law; and (II) Saeed argues that he is entitled to a new trial, because the jury, having found in his favor on the implied contract claim, acted inconsistently by finding for defendants on the other claims. We conclude that the implied contract claim should have been dismissed as a matter of law, and that a new trial is not required.

**I**

Defendants argue that they were entitled to summary judgment, see Fed. R. Civ. P. 56(a), and judgment as a matter of law, see Fed. R. Civ. P. 50, on the implied-in-fact contract claim. Indeed, Saeed did not oppose defendants' summary judgment motion to dismiss this claim. We review the district court's denials of defendants' motions de novo. See Schaefer v. State Ins. Fund, 207 F.3d 139, 142 (2d Cir. 2000); Zeno v. Pine Plains Cent. School Dist., 702 F.3d 655, 664 (2d Cir. 2012).

The district court erred in submitting the implied contract claim to the jury. That claim rests on the theory that the Department and the County were bound--as a matter of *contract*--to the terms of the County's Equal Employment Opportunity Policy ("EEO Policy").[1] But under New York law,

---

[1] Although Saeed does not explain to us how the written EEO Policy can form the basis for an *implied* contract claim, we assume that what is "implied" is not the policy itself, but defendants' promise to comply with it. See Watts v. Columbia Artists Mgmt. Inc., 591 N.Y.S.2d 234,

"[a] contract cannot be implied in fact where there is an express contract covering the subject matter involved." Julien J. Studley, Inc. v. N.Y. News, Inc., 512 N.E.2d 300, 301 (N.Y. 1987); see also Ludemann Elec., Inc. v. Dickran, 903 N.Y.S.2d 532, 534 (2d Dep't 2010).

At summary judgment, defendants correctly pointed out that the terms and conditions of Saeed's employment were governed by an express contract: the collective bargaining agreement ("CBA") to which Saeed and the County were bound.[2] Because the CBA and the alleged implied-in-fact contract concerned the same subject matter--i.e., the terms and conditions of employment--the implied contract claim fails as a matter of law. The denial of the Rule 56 motion was legally erroneous.[3]

Saeed argues that the CBA and the EEO Policy did not cover the same "subject matter" because the EEO Policy set forth anti-discrimination procedures that do not appear in the CBA. We are not persuaded. The whole premise of Saeed's implied contract claim is that the EEO Policy established certain terms and conditions of his employment. But the CBA governed "rates of pay, salaries, hours, grievances and *other terms and conditions of employment* [of officers including Saeed]." (CBA § 3.) The CBA and the EEO Policy therefore covered the same "subject matter": the terms under which Saeed agreed to work. It does not matter that (on Saeed's theory) the EEO Policy created additional contractual obligations on that subject. See Ludemann Elec., Inc., 903 N.Y.S.2d at 534 ("[A]n express contract . . . requiring that the plaintiff be paid on a fixed rate

236 (3d Dep't 1992) ("A contract implied in fact rests upon the conduct of the parties and not their verbal or written words.").

[2]    The text of the CBA was introduced into the summary judgment record by Saeed himself.

[3]    "Although normally where summary judgment is denied and the movant subsequently loses after a full trial on the merits, the denial of summary judgment may not be appealed, this rule does not apply where the district court's error was purely one of law." Schaefer, 207 F.3d at 142 (internal quotation marks omitted). Because the denial of the Rule 56 motion was error, we need not decide whether it was also error to deny the Rule 50 motion.

basis for *certain* electrical service, work, equipment, and materials provided, . . . preclud[es] the existence of a contract implied in fact for payment of *all* electrical service, work, equipment, and materials on a time and materials basis." (emphases added)).

In light of the foregoing, Saeed's claim would fail even if the CBA had been entirely silent on the County's anti-discrimination policy. However, the CBA was not silent. The following language appeared at the end of the CBA:

> The following represents the County's official policy with regard to anti-discrimination. *This policy is not, nor shall it be construed to be a provision of the preceding Collective Bargaining Agreement.*
>
> "Employees are advised that Nassau County's policy with respect to discrimination is as follows:
>
> The County adheres to all required Federal and State employment laws relating to race, color, religion, national origin, sex, sexual orientation, physical disability, marital or parental status and age."

(CBA at 59 (emphasis added).) As this language demonstrates, the parties did not simply fail to bargain for the inclusion of the anti-discrimination policy as a term and condition of employment; they specifically bargained for its *exclusion*. The reason is unimportant, though it is easy to see why a union would not want to be involved in grievances that could often pit one union member against another.

It is evident from the CBA that the parties did not intend to convert Saeed's undoubted statutory right to be free of discrimination and retaliation into a *contractual* term or condition of employment. Thus, the implied contract claim must fail. See Miller v. Schloss, 113 N.E. 337, 339 (N.Y. 1916) ("A contract cannot be implied in fact . . . against the intention or understanding of the parties."); Ludemann Elec., Inc., 903 N.Y.S.2d at 534.

For the foregoing reasons, we conclude that Saeed's implied contract claim--the sole claim on which he prevailed

and the basis for the $200,000 judgment--should have been dismissed as a matter of law.  Accordingly, the judgment must be reversed.

**II**

Saeed argues that the district court should have granted his motion for a new trial based on inconsistency in the jury verdicts.  In Saeed's view, the jury could not have found in his favor on the implied contract claim without also finding in his favor on the statutory claims.[4]

"This Court reviews the denial of a motion for new trial under Federal Rule of Civil Procedure 59(a) for abuse of discretion."  SEC v. DiBella, 587 F.3d 553, 563 (2d Cir. 2009).  We conclude that the district court did not abuse its discretion.

"[I]neluctably inconsistent" jury responses to special interrogatories require retrial, see Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004) (internal quotation marks and emphasis omitted); but the same is not true for inconsistent *general* verdicts on separate claims, Cash v. Cnty. of Erie, 654 F.3d 324, 343 (2d Cir. 2011) (citing cases).  The verdicts in this case were general verdicts.  Id. (explaining that a general verdict "appl[ies] legal principles and assign[s] liability" (citation and internal quotation marks omitted)).  Accordingly, even if those verdicts were irreconcilably inconsistent, the inconsistency would not require retrial.  Globus v. Law Research Serv., Inc., 418 F.2d 1276, 1290 n.17 (2d Cir. 1969) ("It has been said again and again . . . that consistent jury verdicts are not, in themselves, necessary attributes of a valid judgment.").

Second, the verdicts were not irreconcilably inconsistent.  The jury was instructed that Saeed should prevail on the implied contract claim if defendants "breached the contract by discriminating against the

---

[4]    Because the district court should have dismissed the implied contract claim as a matter of law, a powerful argument could be made that the verdict on that claim should be disregarded altogether.  We need not address that argument because Saeed's position fails on other, even more fundamental grounds.

6

plaintiff *or* treating the plaintiff unfairly" (emphasis added).[5]  The jury could have understood this instruction to mean that defendants had a contractual obligation to treat Saeed "fairly" that was not based on any obligation to abstain from discrimination and retaliation.  If the jury interpreted the instruction this way, it could have found for Saeed on the implied contract claim without also finding for him on the statutory claims.  See Brooks v. Brattleboro Mem'l Hosp., 958 F.2d 525, 529 (2d Cir. 1992) ("[A] reviewing court must adopt a view of the case, if there is one, that resolves any seeming inconsistency." (internal quotation marks omitted)).

     Accordingly, the district court did not abuse its discretion in denying Saeed's motion for a new trial.

     For the foregoing reasons, and finding no merit in Saeed's other arguments, we hereby **REVERSE** the judgment of the district court.

                         FOR THE COURT:
                         CATHERINE O'HAGAN WOLFE, CLERK

---

[5]     There was no inconsistency in the usage of "and" and "or" in the section of the jury charge describing the contract claim.  The conjunctive "and" was used to explain Saeed's theory that defendants had *multiple* contractual obligations and breached those obligations in *multiple* ways; the disjunctive "or" was used to explain that Saeed could prevail if defendants breached the contract in *any* of the ways described.

7