■ SPRE REALTY, LTD., Appellant, v DANIEL DIENST et al., Respondents. [65 NYS3d 2]—

Order and judgment (one paper), Supreme Court, New York County (Charles E. Ramos, J.), entered July 14, 2016, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from purported order, same court and Justice, entered February 2, 2016, unanimously dismissed, without costs, as taken from a nonappealable paper.

In dismissing the cause of action for breach of implied contract, the motion court properly concluded that plaintiff failed to establish any triable issue of fact whether defendants employed plaintiff's agent, Susan Penzner, because the evidence established that the parties expected the seller to pay any commission (*Julien J. Studley, Inc. v New York News*, 70 NY2d 628, 629 [1987]; *Brener & Lewis Mgt. v Engel*, 168 AD2d 254 [1st Dept 1990]). In addition, a brokerage agreement executed by the seller and plaintiff in connection with the first unit defendants had considered buying obligated the seller, not defendants (the potential buyers), to pay plaintiff its commission.

Nor was there any triable issue whether defendants acted in

bad faith and terminated their relationship with Penzner in 2008 to avoid her earning a commission. As defendants were not obligated to pay the commission, they had no incentive to act in bad faith, and in any case, the evidence established that the financial crisis and deteriorating market from July 2008 to September 2008, along with Penzner's tenacious belief that New York real estate would never decline in value, eliminated defendants' financial incentive to buy an apartment at that time, or to work with Penzner in searching for residential property.

Plaintiff also failed to raise any triable issue whether defendants owed her a commission based on any arbitrary abandonment or refusal to sign a contract of sale on Unit 3, the first unit defendants had considered buying in 2008, located in the same building where they ultimately purchased unit 4 in 2010 (*see* 119 AD3d 93, 101 [1st Dept 2014]). Even assuming there was any implied employment agreement with defendants, plaintiff failed to procure a contract of sale that included the terms defendants sought. In particular, the seller had refused to include a price protection clause, which defendants had made clear to plaintiff was important in light of the financial crisis in mid to late 2008. Although the seller's counsel eventually included such a clause, neither party had agreed to it, as it was still in a draft agreement that had yet to be approved by either side, and the clause was added in September 2008, months after defendants requested it, by which time the market had deteriorated so much that defendants' refusal to sign any finalized agreement cannot be deemed arbitrary.

Finally, the motion court properly dismissed the quantum meruit claim because no triable issue of fact exists whether plaintiff could have expected compensation from defendants for its services, as the brokerage agreement states otherwise, and plaintiff presented no evidence of any other express or implied agreement between the parties to show that plaintiff had an expectation of compensation by defendants for her services (*see Eastern Consol. Props., Inc. v Waterbridge Capital LLC*, 149 AD3d 444, 444 [1st Dept 2017]). Concur—Manzanet-Daniels, J.P., Andrias, Gische, Kern and Singh, JJ.