Merritt Constr., Inc. v Town of Kent (2018 NY Slip Op 05584)





Merritt Constr., Inc. v Town of Kent


2018 NY Slip Op 05584


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-01152
 (Index No. 944/15)

[*1]Merritt Construction, Inc., respondent, 
v
Town of Kent, appellant.


Hogan & Rossi, Brewster, NY (Nancy Tagliafierro and Sean Lewis of counsel), for appellant.
Rossi, Crowley, Sancimino & Kilgannon, LLP, Douglaston, NY (Thomas J. Rossi and Sally Sancimino of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Putnam County (James T. Rooney, J.), entered December 5, 2016. The judgment, upon an order of the same court dated May 31, 2016, granting the plaintiff's motion for summary judgment on the complaint, is in favor of the plaintiff and against the defendant in the total sum of $381,347.65.
ORDERED that the judgment is affirmed, with costs.
The plaintiff and the defendant, the Town of Kent, entered into a contract dated September 12, 2013, for the construction of a sewer. By summons and verified complaint dated May 18, 2015, the plaintiff commenced this action, alleging that the Town failed to pay the plaintiff for extra work it performed that was necessary to the performance of the contract and approved by the Town's agent. The plaintiff moved for summary judgment on the complaint, and by order dated May 31, 2016, the Supreme Court granted the motion. The court entered a judgment in favor of the plaintiff and against the Town in the total sum of $381,347.65. The Town appeals from the judgment.
A contractor may recover payment for extra work performed at the defendant's direction that is not contemplated by the terms of the original agreement (see Arnell Constr. Corp. v New York City Sch. Constr. Auth., 144 AD3d 714, 715-716; Ludemann Elec., Inc. v Dickran, 74 AD3d 1155, 1156; Hi-Amp Elec. Contr. Corp. v Maximum Mech. Corp., 37 AD3d 541, 541-542). " The ultimate guide in determining whether or not the contractor is to be paid for extra work is the contract itself'" (Bilotta Constr. Corp. v Village of Mamaroneck, 199 AD2d 230, 231, quoting Savin Bros. v State of New York, 62 AD2d 511, 515). When parties set down an agreement in a clear, complete document, the writing should be enforced according to its terms (see Arnell Constr. Corp. v New York City Sch. Constr. Auth., 144 AD3d at 716).
Here, the plaintiff established, prima facie, that it performed extra work at the defendant's direction that was not contemplated by the terms of the parties' contract. The plaintiff submitted the affidavit of its president and change orders executed by the Town's engineer, which indicated that the work resulted from conditions that were unexpected and unanticipated. Further, [*2]the plaintiff established that it performed the work at the direction of the Town's engineer, and that the parties' contract gave the Town's engineer the authority to "decide all questions which may arise as to the fulfillment of the Contract on the part of the Contractor, and his decisions thereon shall be final and conclusive," and to direct the plaintiff in writing to perform extra work not otherwise provided for by the contract. Accordingly, the plaintiff established, prima facie, that it was entitled to payment for the extra work it performed (see Hi-Amp Elec. Contr. Corp v Maximum Mech. Corp., 37 AD3d at 541-542; cf. Arnell Constr. Corp. v New York City Sch. Constr. Auth., 144 AD3d at 716; Rapid Demolition Co., Inc. v State of New York, 54 AD3d 921, 922).
In opposition to the motion, the Town failed to raise a triable issue of fact. We disagree with the Town's contention that summary judgment was premature. A party contending that a motion for summary judgment is premature is required to demonstrate that additional discovery might lead to relevant evidence or that the facts essential to oppose the motion are exclusively within the knowledge and control of the movant (see CPLR 3212[f]; Burlington Ins. Co. v Casur Corp., 123 AD3d 965, 965-966). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Lopez v WS Distrib., Inc., 34 AD3d 759, 760). Here, the Town failed to show that discovery would lead to relevant evidence.
The Town's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's granting of the plaintiff's motion for summary judgment on the complaint.
DILLON, J.P., CHAMBERS, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court