Doyle v George A. Nole & Son, Inc. (2020 NY Slip Op 01990)





Doyle v George A. Nole & Son, Inc.


2020 NY Slip Op 01990


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


219 CA 19-00335

[*1]ROGER DOYLE, PLAINTIFF-APPELLANT,
v
GEORGE A. NOLE AND SON, INC., DEFENDANT-RESPONDENT.






LONGSTREET & BERRY, LLP, FAYETTEVILLE (MICHAEL J. LONGSTREET OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), dated February 8, 2019. The order granted the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, a subcontractor on a construction project, commenced this action seeking compensation, under several legal theories, for extra work performed on the project. He appeals from an order granting defendant's motion for summary judgment dismissing the complaint.
Initially, we note that plaintiff does not address in his brief the propriety of the dismissal of his claims for recovery under theories of quantum meruit or account stated, and thus plaintiff has abandoned any issue with respect thereto (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
With respect to the remaining claims, we conclude that defendant met its initial burden on the motion (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). "It is well settled that [c]ontract clauses that require the contractor to promptly notice and document its claims made under the provisions of the contract governing the substantive rights and liabilities of the parties . . . are . . . conditions precedent to suit or recovery" (Accadia Site Contr., Inc. v Erie County Water Auth., 115 AD3d 1351, 1352 [4th Dept 2014] [internal quotation marks omitted]), and "a condition precedent is an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises' " (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645 [2009]; see Accadia Site Contr., Inc., 115 AD3d at 1352). Here, defendant established that the parties entered into a written subcontract for a construction project and that defendant paid plaintiff the full amount due under the subcontract plus additional amounts for extra work that was pre-approved by defendant. Defendant further established that the subcontract provided that plaintiff would be compensated only for extra work that had been previously approved in writing by defendant's principal, that plaintiff was required to submit written notice of claim for payment for such extra work within 10 days of receiving notice that the extra work was required, and that plaintiff's "claim for price adjustment shall be waived" if no such written notice of claim was timely provided. Finally, defendant established that plaintiff neither received a written change order for the extra work that is the subject of this action nor submitted a timely notice of claim regarding such work.
Plaintiff failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Even assuming, arguendo, that the document that [*2]plaintiff prepared and allegedly showed to defendant's principal was sufficient to constitute a written claim within the meaning of the contract, we conclude that, by "failing to submit any evidence demonstrating which work was performed pursuant to the original fixed price contract, and which work was performed in addition to the work contemplated in the original contract, plaintiff failed to establish [his] right to recover for the extra work performed" (Ludemann Elec., Inc. v Dickran, 74 AD3d 1155, 1156 [2d Dept 2010]). Consequently, plaintiff failed to "raise an issue of fact whether [he] performed the extra work with the implied or express promise that [he] would be paid for it over and above the subcontract amount" (Adonis Constr., LLC v Battle Constr., Inc., 103 AD3d 1209, 1210-1211 [4th Dept 2013]).
Finally, we conclude that plaintiff failed to submit evidence that would raise a triable issue of fact "that defendant, by its words or conduct, waived the written notice of claim provision or told plaintiff that the claim did not have to be in writing" (Kingsley Arms, Inc. v Sano Rubin Constr. Co., Inc., 16 AD3d 813, 815 [3d Dept 2005]).
We have considered plaintiff's remaining contentions and conclude that they lack merit.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court